ALBERT S. C. PENNINGTON, Defendant in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. CARRIERS—*a carrier may limit time in which ticket may be used.* A carrier of passengers may, in consideration of a reduced fare, limit the time in which a ticket may be used, and provide that if it is not used within the terms of such limitation it shall thereafter be void.

2. SAME—*ticket agent has no implied authority to waive limitation after it has expired.* An agent of a carrier who sells a ticket has no implied authority, after the ticket has expired by its own limitation, to waive such limitation and make a new contract with reference to its use which will bind the carrier.

3. SAME—*when a conductor may lawfully require a person to leave train or pay fare.* Where a person who has boarded a train presents a ticket which has expired by its own limitation the conductor may lawfully require him to pay his fare or leave the train, and he is not bound to accept the purchaser's statements concerning the ticket.

4. SAME—*when a ticket is a limited ticket.* A railroad ticket bearing on its face the words, "One passage * * * if presented on date of sale shown on back," is a ticket limited to the date of sale, even though there is nothing upon the back of the ticket except perforations, which may be intelligible only to the carrier's employees, as such perforations are for the information of such em-

ployees and not for the information of the purchaser, who knows the day upon which he purchased the ticket and is informed by the printing on its face it must be presented "on date of sale."

5. SAME—*when carrier is not liable for injury received by a person after being required to leave train.* If the action of a conductor in requiring a person to leave the train at a station for non-payment of fare is lawful, such action cannot be made the basis of a legal liability of the carrier to respond in damages for injuries to such person from exposure after he left the train.

6. SAME—*evidence that ticket seller told purchaser that void ticket was good not admissible.* In an action for damages, based upon the alleged wrongful act of a passenger conductor in refusing to accept the ticket tendered and in requiring plaintiff to leave the train, evidence that the ticket seller from whom the plaintiff had purchased the ticket ten days before, and which was limited on its face to the date of sale, told the purchaser, when she passed him through the gate on the day he attempted to use the ticket, that the ticket was good, is not admissible, in the absence of proof that she had authority to waive the limitation.

·WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

CALHOUN, LYFORD & SHEEAN, (JOHN G. DRENNAN, and EDWARD W. RAWLINS, of counsel,) for plaintiff in error.

JOHN C. TRAINOR, (JAMES E. McGRATH, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the plaintiff in the superior court of Cook county against the defendant to recover damages alleged to have been sustained by him in consequence of his wrongful ejection at Hyde Park station, in the city of Chicago, from one of the suburban trains of the defendant upon which he was a passenger, on the evening of December 10, 1893. The general issue was

filed and a verdict was returned in the plaintiff's favor for
$4500, upon which judgment was rendered. That judg-
ment having been affirmed by the Appellate Court for the
First District, the record has been brought to this court for
further review by writ of *certiorari.*

The facts are as follows: The plaintiff, on November
27, 1893, purchased for fourteen cents, of the agent of the
defendant, a ticket from the Thirty-sixth street (or Doug-
las) station to Kensington station, which read:

> "Illinois Central R. R.
> One passage between
> Douglas (A)
> and
> Kensington
> On Suburban Trains only
> If presented on date of sale shown on back.
> A. H. HANSON, *Gen. Ticket Agent.*"

Through the ticket were perforated the figures "331 :3,"
which signified to the employees of the defendant that the
ticket had been purchased on the 331st day of the year.
The plaintiff did not take passage on the train of the de-
fendant on the 27th day of November, but on the 10th of
December, thirteen days later, he presented the ticket to
the agent at Douglas station, and after looking at the
ticket she returned the ticket to the plaintiff and opened
the turnstile and admitted him to the platform, where he
took passage on one of the trains of the defendant for
Kensington. The plaintiff testified, over the objection of
the defendant, that when he presented the ticket to the
agent at Douglas station on December 10 he asked her if
the ticket was good on that day and she informed him it
was. When the conductor upon the train called upon the
plaintiff for his fare he presented to him the ticket which
he had purchased on the 27th day of November. The con-
ductor informed him that the ticket, by its terms, had ex-
pired and that he could not receive it for his passage from
Douglas station to Kensington station, and that he would

have to pay his fare (thirty-one cents) or get off the train. After some controversy over the payment of the fare between the plaintiff and conductor, the plaintiff, under protest, but without the use of force, left the train at Hyde Park station. The night was cold, and the plaintiff testified he was unable to find the station for some time, although the station and platform were well lighted, and that he froze his hands and feet, and in consequence of exposure was made sick and suffered permanent injury.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved the court for a directed verdict, which motion was denied. The action of the court in denying such motion having been assigned as error, the question arises, do the facts established by the evidence most favorable to the plaintiff, when admitted to be true, make out a cause of action in his favor? The action was in tort for the wrongful ejection of the plaintiff from the defendant's train, and if his ejection was lawful there was no legal wrong committed against him and there can be no recovery.

The law is well settled that a railroad company may, in consideration of a reduced fare, limit the time in which a ticket may be used, and provide if it is not used within the terms of such limitation it shall thereafter be void. The use of the ticket sold to the plaintiff was limited to the day upon which it was sold, and as it was not used upon the day upon which it was sold it thereafter could not be used by plaintiff. The general rule upon the subject is thus laid down by Hutchinson on Carriers, (2d ed. sec. 575,) where it is said: "When the ticket limits the time within which it must be used it will not entitle its holder to a passage after the expiration of that time. Tickets frequently provide that they shall be good for a certain number of days, and it has been often held in such cases that such words amount to a condition or to a stipulation between the carrier and the holder that if they are not used

within a specified time the right to be carried under the contract is lost and all obligation under it on the part of the carrier is at an end." It is equally well settled that the agent who sells a ticket has no implied authority, after the ticket has expired by its own limitation, to waive such limitation and make a new contract with reference to its use which will bind the carrier. This rule is thus announced in Hutchinson on Carriers, (vol. 2,—3d ed.— sec. 1062,) where it is said: "An agent authorized to sell railroad tickets has no implied powers after the sale of a ticket is fully completed and his duties in regard to it are at an end, and he cannot then bind the company by representations which contradict the plain terms of the ticket." In Thompson on Negligence (vol. 3,—2d ed.—sec. 2602,) it is said: "Mere verbal declarations of the company's ticket agent, made subsequent to the purchase of such ticket, as to its being good at any time thereafter will not constitute a valid contract, in the absence of proof that the agent had authority to make an oral contract for the company." It is therefore obvious that the ticket which was presented by the plaintiff to the conductor of the defendant's train on the tenth of December did not entitle the plaintiff to ride upon the defendant's train from Douglas station to Kensington station.

The question then arises, was the conductor of the defendant's train legally justified in requiring the plaintiff to leave the train for the non-payment of fare? In *Chicago, Burlington and Quincy Railroad Co.* v. *Griffin,* 68 Ill. 499, the plaintiff purchased a ticket at Mendota from Mendota to Earl. The ticket agent made a mistake and gave him a ticket from Mendota to Meriden. The conductor upon the train upon which the plaintiff took passage insisted on the plaintiff paying his fare from Meriden to Earl, which he declined to do, and the conductor ejected him from the train, and it was held the conductor had the lawful right to collect fare from Meriden to Earl, and upon the refusal

of the plaintiff to pay such fare, although he had paid the agent at Mendota his fare from Mendota to Earl, to eject him from the train, and that the conductor was not bound to accept the statement of the plaintiff that he had paid his fare from Mendota to Earl. It is urged that the ticket purchased by plaintiff in this case was not limited. There is no force in this contention. It stated upon its face that it was good for "one passage * * * if presented on the date of sale." True, the date of sale was not shown on the back of the ticket in such language as was intelligible to the plaintiff, but the perforations on the back of the ticket were placed there for the information of the employees of the defendant and not for the information of the plaintiff, as the plaintiff knew the day upon which he purchased the ticket, and the printing upon the face of the ticket informed him in plain language that the ticket was not good after the date upon which he purchased the same; and if he was misled by the ticket agent at the Douglas station turnstile, upon boarding the train he was immediately advised by the conductor that the ticket had expired by its own limitations and was not good on that date and would not be received for his passage from Douglas station to Kensington station. It is clear that the conductor of the defendant's train was well within his legal rights in requiring the plaintiff to pay his fare from Douglas station to Kensington station or to leave the train, and as he was guilty of no legal wrong in requiring the plaintiff to leave the train at Hyde Park there was no legal liability resting upon the defendant by reason of his ejection at that station, and there can be no recovery for an injury received by plaintiff in consequence of his being required to leave the train at Hyde Park.

It was error for the court to admit in evidence the conversation of the plaintiff with the ticket seller at the Douglas station, as the ticket seller at the time was powerless to bind the defendant by an admission that the ticket was good upon that date. The Supreme Court of Iowa, in *Han-*

*lon* v. *Illinois Central Railroad Co.* 109 Iowa, 136, in considering the power of a ticket seller to bind the railroad company after the ticket had been sold and paid for, used the following language: "It is insisted that as the ticket agent at Sioux City was authorized to and did sell the ticket in question, his representations to the effect that it would be good and might be used for transportation after the expiration of one day from the date of sale were binding upon the defendant. It will be observed that the representations of the agent were not made at the time the ticket was sold but on the next day, although within twenty-four hours after the hour of the sale. The petition does not allege that the ticket agent had any actual or apparent power to bind the defendant by the representations made, and we are required to determine whether an agent authorized to sell railroad tickets has the implied power to bind the railway company, after the sale is fully completed and his duties in regard to it are at an end, by representations which contradict the plain terms of the ticket sold. We are of the opinion that but one answer can be made to that question. As a general rule, a special agent can bind his principal by declarations only when they are made within the scope of his employment and at the time of performing the duties to which they relate. An agent whose duty it is to sell tickets for his principal has no implied power to construe the contract after the sale is fully completed and nothing remains for the agent to do."

As there can be no recovery in this case the judgments of the superior and Appellate Courts will be reversed without remanding the case.            *Judgment reversed.*