Emil H. Burgard, Plaintiff-Appellant, v. Mascoutah Lumber Company, Defendant-Appellee.

Term No. 55–F–13.

Fourth District.

May 6, 1955.

Released for publication July 6, 1955.

Johnson & Johnson, of Belleville, for plaintiff-appellant.

House & House, of Nashville, for defendant-appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This appeal seeks to reverse a judgment entered against the plaintiff, Emil H. Burgard, in a suit brought by him for a declaratory judgment and accounting, the judgment being in favor of the original defendant, Mascoutah Lumber Company. Several points are raised concerning practice and procedure for a declaratory judgment and other points are raised as to admissibility and weight of evidence.

The complaint alleged that the defendant had contracted to furnish building materials for thirteen houses built by plaintiff and his wife, that payments had been made on account during construction, that on completion plaintiff found he had overpaid in the sum of $375.33 but that defendant was claiming a balance due in excess of $10,500. The prayer asked for a

declaratory judgment stating the account between the parties, and that an accounting be taken for that purpose. Included in the prayer was a specific request that "the balance be ascertained either due from the defendant to plaintiff or vice versa."

The defendant filed a motion to dismiss the complaint with affidavits that the parties, by their agents, had already agreed upon an account stated, showing a balance due defendant of $10,536.97. Plaintiff filed a reply with affidavits denying that plaintiff had authorized an agent to agree upon an account stated, and further denying that the supposed agent had agreed to $10,536.97 or any other amount as an agreed balance due.

Plaintiff filed a demand that "the issues made under said motion and this reply thereto be submitted to a jury for trial." This was accordingly done, and the jury found the issues for the defendant. This finding necessarily sustained the claim of an account stated for a definite amount, which was in issue. Judgment was entered on the verdict finding the issues for defendant. Thereafter, the defendant made application by petition for further relief, which recited the proceedings above outlined, and prayed that the plaintiff be ruled to show cause why judgment should not be entered against him, and that judgment be entered for the amount due.

Pursuant to rule to show cause, the plaintiff filed a reply which urged that the only relief available to defendant was to have his motion to dismiss allowed, and the suit dismissed; and that no judgment could be granted because there was no counterclaim on file. The trial court heard arguments and ruled in favor of defendant. Thereupon the judgment for $10,536.97 appealed from was entered.

Plaintiff had also filed a motion for new trial after the jury verdict, and now argues that it should have

been allowed on the ground the verdict was contrary to the manifest weight of the evidence, and the court had admitted improper evidence over plaintiff's objection. These points require a brief review of the testimony.

The evidence indicates that an official of the bank which was financing plaintiff had heard of his dispute with the lumber company and had invited the parties to meet in his office for a discussion. The meeting was held and was attended by the plaintiff and his son, the president and secretary of the lumber company, and the bank official. All of these persons testified at the trial and all concur that there had been an agreement that the entire account should be rechecked by representatives of the parties.

Defendant's witnesses further testified that the plaintiff thought the accounting would show the balance due was much less than claimed, but he admitted that the delivery tickets were correct. The plaintiff's son had been active in the course of construction of the houses as an agent of plaintiff, and this son had received a four-year course in business college. Plaintiff designated his son to do the accounting, and stated that the figures arrived at on the recheck should bind both parties. This is corroborated by the bank official, who testified that plaintiff agreed to be bound by the result and to pay the balance found.

The president of the lumber company and the plaintiff's son then checked over some thousands of delivery tickets. Obviously, it was a large undertaking to check all these deliveries against the original contracts, to determine what was under the contract, what was extra, and whether the prices conformed to the contract, with proper credits for returned material and payments. It required many hours of labor, which was occasionally interrupted, but in all, consumed the better part of eight working days. When completed,

214

the two participants marked the result "OK" and affixed their respective initials.

An employee of defendant testified that he was in the office when the account was completed and heard plaintiff's son say, "$10,000.00 is a lot of money but it is right." Defendant's officer also testified as to the final conversation when the account was initialed.

Plaintiff's son testified that there had been some alterations in the final account after he had initialed it. This is denied by defendant's witnesses.

Both plaintiff and his son testified that the son had been designated to go over the accounts, but both deny that plaintiff had ever said he would be bound by the result, or anything to that effect.

■ On the question of the authority of the son to bind plaintiff on an account stated, the witnesses divide three to two in favor of defendant; moreover, it appears highly unlikely that so much time and effort would be spent on checking the account, if the result was to be meaningless and have no effect. Therefore, we hold that the evidence fully supports the verdict finding this issue for the defendant.

■ Since the verdict necessarily discredits the testimony of plaintiff's son, the jury was justified in finding against him on the question whether the figures were altered after he initialed them.

■ The claim that improper evidence was admitted is directed at testimony concerning statements of plaintiff's son made at the time the accounting was being completed and initialed. It is argued that the principle applies, that the admissions of an agent are not competent against the principal. That is a rule of evidence which pertains to admissions concerning acts in the past, it does not apply to statements made by an agent during the process of performing his authorized duties, the latter come under a rule of substantive law, which is as follows:

215

"There is a general rule of agency that the statements of an agent made within the scope of his employment and with the actual or apparent authority of the principal are binding upon the latter. This principle of the law of agency, though substantive in nature, operates in the law of evidence in many instances. . . . There is a general rule that whatever is said by an agent, during the course of his duties and within the scope of his authority, relative to business contemplated by the agency in which he is then engaged is in legal intendment said by his principal and is admissible in evidence against such principal." 20 Am. Jur., Evidence, Sec. 596. Matzenbaugh v. People ex rel. Galloway, 194 Ill. 108, 62 N. E. 546; Summers v. Hibbard, Spencer, Bartlett & Co., 153 Ill. 102, 38 N. E. 899.

Some cases regard this as a part of the "res gestae" rule, that is, the statements are part of the transaction itself. Pennington v. Illinois Cent. R. Co., 252 Ill. 584, 97 N. E. 289; Belskis v. Dering Coal Co., 246 Ill. 62, 92 N. E. 575. Under either approach, the testimony was properly admitted in this case.

The procedure to obtain a declaratory judgment in this State is governed by Section 57½ (Par. 181.1) of the Civil Practice Act, Ill. Rev. St., Chap. 110 [Jones Ill. Stats. Ann. 104.057(1)]. This is divided into five subparagraphs providing (1) if there is an actual controversy, the court, at the request of anyone interested therein, may declare the rights of the parties, and this regardless of whether consequential relief is or could be claimed; (2) the complaint may seek such relief as a declaration of rights alone, or as incident of other relief; (3) where further relief is necessary or proper, application may be made by petition for a rule to show cause why such relief should not be granted forthwith; (4) issues of fact may be tried by jury as in other cases; and (5) costs may be awarded.

Since this statute was enacted in 1945, not many cases thereunder have reached our courts of review. However, this statute is quite similar to those of Kansas and Kentucky, and other States, which have been in effect much longer, therefore we refer to precedents from other jurisdictions. For the history of this legislation and for decisions on procedure thereunder, see the Historical and Practice Notes following this statute in Smith-Hurd Annotated Statutes. See also 1 C. J. S., Actions, Sec. 18.

In City of Cherryvale v. Wilson, 153 Kan. 505, 112 P.2d 111, the court outlines correct procedure as follows: "Assuming there is an actual controversy between the parties, the petition should state the facts out of which the controversy arose, should state clearly the view or claim of plaintiff and also state clearly the view or claim of the defendant, and the court should be asked to adjudicate the controversy. The appropriate pleading for defendant to file is an admission that the controversy arose from the facts stated by plaintiff, and that plaintiff's contentions are correctly stated, if, of course, defendant agrees that the matters are so pleaded. If defendant thinks the facts giving rise to the controversy are not accurately or fully stated, or that the contention of the plaintiff, or that the contention of defendant, is not accurately or fully stated, his answer should plead the facts and contentions as he understands them to be. If the defendant pleads the facts and the contention is contrary to that pleaded by the plaintiff, the plaintiff by reply should either admit those or deny them."

The questions before us are, in this type of proceeding, is it proper to grant coercive relief, such as a money judgment? Does it make any difference which party is successful? Should judgment be entered for defendant? And if defendant has demurred, or moved for dismissal on the ground plaintiff is in the wrong,

217

is dismissal the only proper order when the court finds for defendant?

It is generally held that it is proper to award coercive relief after declaring the rights of the parties, including the entry of a money judgment. Tolle v. Struve, 124 Cal. App. 263, 12 P.2d 61; Alfred E. Joy Co. v. New Amsterdam Casualty Co., 98 Conn. 794, 120 Atl. 684; Holly Sugar Corp. v. Fritzler, 42 Wyo. 446, 296 Pac. 206.

In Kentucky the granting of such relief is proper, but only after the subsequent petition is filed. Jefferson County v. Chilton, 236 Ky. 614, 33 S.W.2d 601; Bringardner Lumber Co. v. Knuckles, 253 Ky. 292, 69 S.W.2d 345.

The rights are to be determined from the facts found and are not limited by issues joined. Stueck v. G. C. Murphy Co., 107 Conn. 656, 142 Atl. 301.

Where the trial court dismissed a suit pursuant to demurrer of defendant, on review it was held the finding for defendant was correct but the dismissal was error. The order of dismissal was reversed and judgment entered in reviewing court. The court said: "It seems to us that the better practice is to enter a decree, . . . sometimes referred to as a 'declaration' defining the rights of the parties under the issues made, even though such decree is adverse to the contentions of the bill." Frazier v. City of Chattanooga, 156 Tenn. 346, 1 S.W.2d 786. A similar result occurred in Richardson v. Danson (Wash.), 270 P.2d 802.

██ A counterclaim may be necessary where the declaratory judgment procedure is initiated by a defendant. While it may be proper to file a counterclaim in some other cases, it is apparent that no counterclaim is necessary as to the controversy presented by a complaint for declaratory judgment. It is essential that the complaint disclose an actual controversy, i. e., that defendant opposes the position asserted by

plaintiff. The ultimate purpose is to secure a declaration of rights binding upon both parties, regardless of which may prevail. Our statutory provision for "further relief" clearly is not limited to relief previously asked for, but contemplates something further "based upon a declaration of right." Accordingly we hold that the statute permits a party to petition for such further relief as may be appropriate after the declaration of rights, although not previously prayed for by a complaint or counterclaim.

■ Considering the general purpose of the statute and viewing the precedents on the subject, we conclude that if the complaint fails to show a controversy exists, or that the question involved is moot, the suit should be dismissed on motion. But if an actual controversy is disclosed and is adjudicated by the court, whether upon demurrer or motion or otherwise, the suit should not be dismissed; the proper practice is for the court to enter an order declaring the rights of the parties as was done in this case. Obviously, to avoid needless duplication, this rule is especially necessary where factual issues have been litigated and decided.

■ There is no technical form prescribed for the declaration of rights; it is sufficient if the rights may be ascertained therefrom in connection with the findings of court or jury in view of the controversy presented. R. G. Hamilton Corp. v. Corum, 218 Cal. 92, 21 P.2d 413.

■ Counsel herein have discussed the status of the jury verdict. In our opinion it is neither necessary nor desirable to classify this type of action as at law or in chancery, it may be docketed either way, but where issues of the kind here involved are tried by a jury, the verdict is not merely advisory, it has the effect of a jury verdict at law. To hold otherwise might permit this procedure to evade the constitutional right of trial by jury.

219

The verdict of the jury is supported by the evidence, and there was no error in rulings thereon; the procedure followed was in accordance with the statute and the judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and BARDENS, J., concur.