Americana Nursing Homes, Inc., an Illinois Corporation, Plaintiff-Appellee, v. City of Rockford, a Municipal Corporation, and Roy Hunt, as Building Inspector of the City of Rockford, Defendants-Appellees, and Joseph H. Kiegel, et al., Intervening Defendants-Appellees.
Appeal of Franz J. Petritz, Defendant-Appellee.

### Gen. No. 64–26.

Second District.
December 3, 1964.

Charles H. Davis and Sam J. Cannariato, both of Rockford, for appellant.

Reno, Zahm, Folgate & Skolrood, of Rockford (Ralph S. Zahm, of counsel), for appellee.

MORAN, J.
The plaintiff is a contract purchaser of a "L" shaped piece of land in the City of Rockford. At the time of

the execution of the contract, a portion of the land was zoned "C" Residential and the remainder of the tract zoned "A" Residential. Under the zoning ordinance of the City of Rockford, convalescent or nursing homes are permitted in the "C" classification but not in the "A" classification. The plaintiff desired to use the entire tract for convalescent or nursing home purposes and made application to the corporate authorities of the City of Rockford to rezone that portion of the premises which was zoned for "A" Residential purposes to "C" Residential purposes. The plaintiff's petition for rezoning was denied and thereafter plaintiff filed its complaint herein for declaratory judgment, challenging the validity of the zoning ordinance of the City of Rockford insofar as it prohibited the use of a portion of the premises in question for convalescent or nursing homes.

Thereafter, the trial court permitted the principal defendant and other nearby property owners to intervene.

Subsequently, the trial court entered a declaratory judgment finding that the zoning ordinance of the City of Rockford was unreasonable and void as applied to the premises in question insofar as it prohibited the use of said premises for the purpose of erecting and operating a convalescent or nursing home. The trial court directed that the plaintiff was entitled to use said premises for such purposes in accordance with the detailed provisions of the declaratory judgment for the construction and maintenance of a convalescent and nursing home, including all off-street parking areas. The declaratory judgment concluded "That this Court shall retain jurisdiction of this cause until the terms of this declaratory judgment have been fully complied with and for the purpose of entering such other and further Orders as may be hereafter re-

quired." Fulton Street, which adjoined plaintiff's premises on the North, was only 30 feet in width at the time of the entry of the declaratory judgment and subsequent to that time, at the request of the City of Rockford, the plaintiff dedicated 30 more feet for street purposes. The City thereupon widened and paved Fulton Street to its full width.

Thereafter, plaintiff commenced the installation of its off-street parking facilities, but prior to their completion and on or about November 5, 1963, it was determined by various experts engaged by the plaintiff and by the defendant, City of Rockford, that additional off-street parking areas would be necessary, located, however, upon the premises which was the subject of the declaratory judgment but not covered in the detailed parking areas set forth in the declaratory judgment.

On November 5, 1963, some fourteen months after the entry of the declaratory judgment herein, plaintiff filed a petition in the trial court to modify the declaratory judgment so as to permit the revision and rearrangement of the off-street parking facilities and to add certain facilities in accordance with the recommendation of the traffic and planning experts.

Notice of the filing of the petition for modification was given to the defendants, including the interveners, and thereafter, defendants filed their special and limited appearance challenging the jurisdiction of the trial court to modify its original declaratory judgment. The trial court found that it had jurisdiction and thereupon defendant elected to stand upon his special and limited appearance and refused to offer any testimony in connection with plaintiff's petition for modification and the plaintiff offered evidence showing the necessity of the revision and rearrangement of the off-street parking facilities, and in accordance with that evidence

the trial court entered an order modifying the declaratory judgment and authorizing the additional off-street parking facilities.

The defendant appealed from this order and the case is presented to this court on the agreed statement of facts in lieu of a report of proceedings and as set forth in the agreed statement of facts, the only question presented to this court is "Did the Circuit Court of Winnebago County have jurisdiction to enter the order modifying the original declaratory judgment after the expiration of thirty (30) days from the date of the entry of such original declaratory judgment?"

Counsel for both parties in this case have presented the court with excellent briefs and an exhaustive discussion of the point in controversy. After a thorough analysis, this court finds that it must answer the single question presented in the affirmative.

Subsection (3) of Section 57.1 of Chapter 110 of the Illinois Revised Statutes provides as follows: "(3) If further relief based upon a declaration of rights becomes necessary or proper after the declaration has been made, application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined by the declaration to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order." The historical and practice note to the above section indicates that further relief may include an assessment of damages or other affirmative relief obtainable by petition in the same action and in the same court in which the declaratory relief was obtained. Obviously, had the petition in question been presented in the original complaint, the trial court would have had jurisdiction to entertain the petition and grant appropriate relief. The defendant's sole contention is that the trial court lost jurisdiction upon the expiration of thirty (30)

days from and after the declaratory judgment. However, it seems clear that the purpose of the statute aforesaid is to permit the trial court to grant appropriate relief in furtherance of its original judgment where necessary.

■ In a similar case, Burgard v. Mascoutah Lumber Co., 6 Ill App2d 210, 127 NE2d 464, the Appellate Court for the Fourth District considered the statutory provision for further relief and said "Our statutory provision for 'further relief' clearly is not limited to relief previously asked for but contemplates something further 'based upon a declaration of right.' Accordingly, we hold that the statute permits a party to petition for such further relief as may be appropriate after the declaration of rights, although not previously prayed for by a complaint or counterclaim."

■ In the case at bar, the trial court considered the zoning ordinance of the City of Rockford and found it invalid insofar as it prohibited a convalescent and nursing home and related facilities, including off-street parking on the premises in question. The issue as to additional off-street parking facilities was not presented to the trial court in the original suit nor was it apparently considered by the parties. Thereafter, a need became apparent and a petition was presented. However, the same property was involved and the trial court had already concluded in its declaration of rights that the zoning ordinance of the City of Rockford was invalid insofar as it prohibited the use proposed by the plaintiff on that property. Therefore, the action of the trial court in connection with the present petition was merely to grant further relief based upon the declaration of rights.

In addition to the authority granted the trial court in the Declaratory Judgments Act, there is additional authority to grant relief from final orders after thirty (30) days from their entry and within two (2) years

from their entry in Section 72 of Chapter 110 of the Illinois Revised Statutes. This section grants broad authority to the trial court without regard to the nature of the order or decree from which relief is sought. It has been held, however, that Section 72 cannot be used to again put in issue questions previously adjudicated, Stanley v. Bank of Marion, 23 Ill2d 414, 178 NE2d 367, and Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 155 NE2d 308. However, in the case at bar, the plaintiff's petition presented a new question not previously adjudicated, namely the need for additional parking facilities and their proper placement in accordance with the circumstances of the case. Therefore, the trial court had adequate additional authority for its order of modification in Section 72 of Chapter 110 of the Illinois Revised Statutes.

In essence, if we accept the theory of the defendant, we would require the plaintiff to file a new suit in the trial court seeking the relief prayed for in the petition. The only effect of this procedure is to double the present litigation. In the case of Frederick v. Maggio, 23 Ill App2d 292, 162 NE2d 590, the Appellate Court for the First District had occasion to consider this question and found "The goal is to streamline the procedure for post-judgment relief. In this way courts already overburdened with litigation will not be further burdened with business that other courts can, with complete justice, more expeditiously dispose of." In the case at bar, the trial court had jurisdiction of all of the parties. The defendant could have litigated all issues in the trial court in connection with plaintiff's petition for modification. However, the defendant chose not to do so but rather relied upon his special appearance. The defendant has had his day in court and had a complete remedy in the trial court. No useful purpose would be served by multiplying the litiga-

tion. The trial court had adequate authority to modify its previous order.

The judgment is therefore affirmed.

Affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.