John E. Owens, Special Administrator of the Estate of Joseph C. Rak, Deceased, Appellant, v. New York Life Insurance Company, a Corporation, Appellee.

Gen. No. 50,453.

First District, Fourth Division.

January 21, 1966.

Owens, Owens & Rinn, of Chicago, for appellant.

Spray, Price, Hough & Cushman, Wendell J. Brown and John A. McDonald, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from the dismissal of his action to recover attorney fees and costs incurred in the prosecution of a suit for reformation of two life insurance policies issued by the defendant.

On September 29, 1957, Joseph Rak (deceased) applied to the defendant for life insurance in the amount of $75,000 with the beneficiaries thereof to be designated as follows: "Helen Bernotes, my sister, and Moneta Turek, my sister, equally." Defendant issued two policies having a total face value of $75,000 but designated the beneficiaries as follows: "Helen Bernotes and Moneta Turek, sisters of the insured, share and share alike, or the survivor." Moneta Turek subsequently died on November 28, 1957. The insured married Lillian Rak on August 30, 1958, and died on November 13, 1958. Lillian Rak was appointed administratrix of his estate and on its behalf claimed the entire life insurance proceeds or, in the alternative, one-half thereof. Helen Bernotes, the surviving sister, also claimed the entire proceeds of the policies as the sole surviving beneficiary thereunder.

On February 5, 1959, defendant filed a bill of interpleader and, pursuant to court order, deposited the proceeds of both policies with the court. Subsequently, upon

her petition, Lillian Rak was granted leave to intervene individually and not as administratrix. In this petition Mrs. Rak asserted that she was entitled to the entire life insurance proceeds, alleging that before his death Joseph Rak indicated his intention to change the beneficiaries of both policies and make her the sole beneficiary thereof. Because of the conflict of interest of Lillian Rak the probate court appointed John E. Owens as Special Administrator of the estate. Owens was granted leave to file a counterclaim (and subsequently an amended counterclaim) by which he sought to reform the survivorship provisions of the respective policies to conform with the application of Joseph Rak. On February 24, 1960, all of the claimants agreed to the entry of a consent decree of interpleader which contained a finding of fact that none of the rival claimants "claims or prays for any money judgment against said New York Life Insurance Company." The decree also contained the following conclusion of law:

> Inasmuch as said New York Life Insurance Company has interpleaded the entire proceeds of said policies, none of said rival claimants, Helen Bernotes, Lillian Rak, or John E. Owens, Special Administrator of the Estate of Joseph C. Rak, Deceased, is entitled to or hereafter will be entitled to, any money judgment in this or other litigation for, on account of, with relation to, or under said policies, or either of them.

Pursuant to its findings and conclusions the court entered an order dismissing defendant from the proceeding "except with respect to the entry of relief prayed against it for reformation. . . ." The court further ordered:

> That said rival claimants . . . be and each of them is hereby permanently enjoined and restrained from bringing or maintaining any suit or suits against

said New York Life Insurance Company, . . . for or on account of or under said Policies . . . for death benefits or other benefits for, on account of, with relation to, or under said policies, or either of them.

On April 7, 1960, the trial court entered a decree denying reformation and awarding the entire proceeds to Helen Bernotes. The appellate court reversed that decree (New York Life Ins. Co. v. Rak, 30 Ill App2d 86, 173 NE2d 603) and in granting the prayer for reformation stated at page 97:

The insured under the provisions of the application and the policies in this case was not bound to know that through the negligence of the company the policies were issued in terms different from those contained in his application.

Therefore one-half of the proceeds was awarded to Owens, as Special Administrator, and the other half to Helen Bernotes. This decision was affirmed by the Supreme Court (New York Life Ins. Co. v. Rak, 24 Ill2d 128, 180 NE2d 470).

The probate court allowed to the special administrator and his attorney the fees and costs incurred in the aforementioned litigation, which were paid by the estate. Plaintiff then brought an action to recover those expenses from the defendant herein, which was dismissed by the trial court upon defendant's motion.

Plaintiff contends that since the aforementioned litigation between the rival claimants was necessitated by, and a direct result of, the defendant's negligence that therefore defendant is liable for the attorney fees and costs incurred by him therein. Defendant asserts that since it was a party to the interpleader-reformation litigation as the plaintiff and counter-defendant, the issue in the instant case is indistinguishable from that in Ritter v. Ritter, 381 Ill 549, 46 NE2d 41. In that case the

plaintiff brought an action against the defendant, alleging fraud. After a judgment in her favor the plaintiff brought another action against the same defendant to recover her legal expenses incurred in the prior litigation which was necessitated by the latter's wrongful act. The court upheld the decision of the trial court in dismissing the complaint for failure to state a cause of action, concluding that even though the plaintiff had been initially forced into litigation by the defendant's wrongful conduct, the plaintiff could not recover as damages in a subsequent suit his attorney fees and expenses. The court stated at page 555 that:

> If the wrongful conduct of a defendant causing the plaintiff to sue him would give rise to an independent tort and a separate cause of action, there would be no end to the litigation, for immediately upon the entry of judgment the plaintiff would start another action against the defendant for his attorney fees and expenses incurred in obtaining the preceding judgment.

Plaintiff contends that this case is inapplicable to the facts of the instant case and cites Baird v. Liepelt, 62 Ill App2d 154, 210 NE2d 1, as support for his contention. The plaintiff in that case brought an action to set aside an alleged wrongful attachment of his property by the defendant therein. After succeeding in his action the plaintiff then filed an action against the defendant and also the surety on the attachment bond, seeking to recover the attorney's fees expended by him in setting aside the wrongful attachment. (The surety was not a party to the original action.) The court allowed the separate action holding that Ritter v. Ritter, supra, was distinguishable inasmuch as it was neither a tort action brought for wrongful attachment nor an action to recover under the terms of a bond. Thus, by its express language the decision in Baird is not applicable.

Freed v. Travelers, 300 F2d 395, cited by the plaintiff, was an action for a declaratory judgment in the Federal Court. The holding therein is not applicable to the issue in the instant case. Other authorities relied upon by the plaintiff are inapposite in that they relate to instances in which the wrongful act of the defendant caused the plaintiff to engage in litigation with a third person, the defendant not being a party thereto.* In the instant case, however, the defendant was a party to the prior litigation as plaintiff and counter-defendant therein. Moreover, if the defendant herein had not filed its bill of interpleader, presumably it would have been sued in independent actions filed by each of the respective claimants for payment of the insurance proceeds. Since under those circumstances the principle of Ritter v. Ritter, supra, clearly would preclude the recovery of attorney fees as damages by any of the respective claimants, there cannot be such recovery when the insurer simplifies the litigation process by filing a bill of interpleader.

The decision of the trial court dismissing the complaint is affirmed.

Affirmed.

ENGLISH and McCORMICK, JJ., concur.

---

* Philpot v. Taylor, 75 Ill 309; Turner v. Zip Motors, Inc., 245 Iowa 1091, 65 NW2d 427; Security State Bank of Comanche, Okla., v. W. R. Johnston & Co., (Okla), 228 P2d 169 (1951); Prentice v. North American Title Guaranty Corp., 59 Cal2d 618, 30 Cal Rptr 821, 381 P2d 645; Prior Lake State Bank v. Groth, 259 Minn 495, 108 NW2d 619.