PACEMAKER FOOD STORES, INC., Plaintiff-Appellant and Cross-Appellee, v. SEVENTH MONT CORPORATION *et al.*, Defendants-Appellees and Cross-Appellants (MULFORD VILLAGE DEVELOPMENT COMPANY *et al.*, Defendants-Appellees).

Second District   No. 84—1092

Opinion filed May 16, 1986.

Harold T. Turner, of Turner & Shoemaker and Street & Larson, both of Rockford, for appellant.

Elmer C. Rudy, of Williams & McCarthy, P.C., Edward M. Maher, of Clark, McGreevy & Johnson, and Robert A. Fredrickson, of Reno, Zahm, Folgate, Lindberg & Powell, all of Rockford, for appellees.

JUSTICE STROUSE delivered the opinion of the court:

Plaintiff, Pacemaker Food Stores, Inc., appeals from an order dismissing its petition for damages which was filed after the disposition of its suit for declaratory judgment and injunctive relief. Seventh Mont Corporation and Montgomery Ward & Company, two of the defendants, cross-appealed, claiming that the trial court erred in considering the petition for damages on its merits rather than dismissing it on the basis of *res judicata*.

Pacemaker Food Stores, Inc. (Pacemaker), initiated this lawsuit in 1981 seeking to enjoin Mulford Village Development Company (Mulford) and McDonald's Corporation (McDonald's) from using a 74-foot-by-74-foot area of Pacemaker's parking lot for ingress and egress to their commercial property. Pacemaker, a tenant in the Montgomery Ward Shopping Center in the city of Rockford, claimed that this ingress and egress violated the terms of its lease which granted Pacemaker an interest in the demised premises for parking, and asked that an injunction be granted against the use of the easement as a roadway.

The trial court dismissed with prejudice Pacemaker's complaint for an injunction on the ground that it failed to state a cause of action. On appeal, this court reversed in a Rule 23 order (87 Ill. 2d R.

23) and directed the trial court to permit Pacemaker to file its second amended complaint.

A bench trial followed and the trial court issued an injunction prohibiting the use of the 74-foot-by-74-foot area of Pacemaker's parking lot for roadway purposes. The court found that Pacemaker had an easement appurtenant for parking along the north boundary of the shopping center; that the prior use of the premises was irrelevant; that Mulford and McDonald's had actual notice of the existence of Pacemaker's lease and had a duty to inquire as to its terms; and, that Pacemaker's damage was the loss of 12 parking spaces.

Defendants appealed, and this court affirmed the judgment in *Pacemaker Food Stores, Inc. v. Seventh Mont Corp.* (1983),117 Ill. App. 3d 636. After the mandate was returned to the trial court, the court issued a writ of injunction prohibiting the use of the area for roadway purposes.

Twelve days later, Pacemaker filed a seven-count petition for damages. The petition sought the following: an award of attorney fees against Montgomery Ward & Company and Seventh Mont Corporation for Pacemaker's expenses in litigating against Mulford and McDonald's; an award of damages from Mulford for unjust enrichment based on the difference in market value of the lot Mulford sold to McDonald's between its value with the easement for ingress and egress and its value without that easement; an award of damages from McDonald's for unjust enrichment based on its profits from the restaurant using the easement for ingress and egress; and, an award of punitive damages from Mulford, McDonald's, Seventh Mont and Montgomery Ward.

The trial court dismissed the petition for damages, expressly finding that Pacemaker's damages were limited to the loss of use of the 12 parking places encompassed within the area and that Pacemaker was not entitled to attorney fees or punitive damages because there was a legitimate dispute to be litigated. Furthermore, the order denied Pacemaker's request to file an amended petition for damages. Following denial of its motion to reconsider, Pacemaker timely appealed, and Seventh Mont and Montgomery Ward cross-appealed.

■ The threshold question, as raised in the cross-appeal, is whether the trial court erred in addressing Pacemaker's petition for damages on its merits, rather than dismissing it on the basis of *res judicata*. It is the position of all the defendants that, even though the court was correct in ruling that the petition did not state a cause of action, consideration of the petition should have been barred by the doctrine of *res judicata*. Pacemaker responds that a suit for injunc-

tion and a subsequent suit for damages are separate causes of action with different facts to be proved and, therefore, the doctrine of *res judicata* is inapplicable.

The doctrine of *res judicata* provides that "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." (*People v. Kidd* (1947), 398 Ill. 405, 408.) When *res judicata* is established " 'as a bar against the prosecution of a second action between the same parties upon the same claim or demand *** it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for the purpose.' " *Housing Authority for La Salle County v. YMCA* (1984), 101 Ill. 2d 246, 251-52, quoting *Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 478.

The courts have created the doctrine of *res judicata* to protect litigants from the onerous burden of retrying an identical cause of action or issue with the same party, and to promote economical use of judicial resources by barring repetitive litigation. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432.) Toward that end, the courts have barred parties from bringing suit on issues that could have been raised, but were not, in an earlier proceeding. *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 375; see also *Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 632-33; *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 99.

In the present case, Pacemaker did not raise the issue of damages in its original or amended complaints, and damages were not part of the proof at trial. During the trial, the trial court specifically inquired as to the matter of money damages, and the plaintiffs reiterated that there was no prayer or claim for money damages.

Defendants claim Pacemaker's subsequent petition for damages is untimely and an attempt to plead a new cause of action. They argue the petition should have been barred because it was based on the same occurrence, involved the same parties, had identical issues of liability, and raised points that Pacemaker chose to omit in its suit for declaratory judgment and injunctive relief.

Pacemaker's argument that *res judicata* is inapplicable is fourfold: (1) since Pacemaker never raised the issue of damages in the course of the injunction suit, defendants will not be litigating that issue twice; (2) the injunction suit and the damage action require different proof and, thus, constitute separate causes of action; (3) joinder of

the equitable and legal claims is permissive, not mandatory; and (4) Pacemaker's action for damages under the theory of unjust enrichment was not ripe until the roadway was closed, nearly 18 months after entry of the trial court's order.

Pacemaker's complaint requests a declaration of rights and injunctive relief pursuant to section 2—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—701) which provides for declaratory judgments. Subsection (c) provides:

> *"If further relief based upon a declaration of right becomes necessary or proper after the declaration has been made,* application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined by the declaration to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 2—701(c).)

The committee comments to this subsection state:

> "It is now settled in Illinois and other states that the supplemental relief contemplated by statutory provisions such as subsection (c) of the Illinois section is not limited to further declaratory relief, Burgard v. Mascoutah Lumber Co., 6 Ill. App. 2d 210, 127 N.E.2d 464 (4th Dist. 1955), and that in a proper case such further relief may include assessment of damages or other affirmative relief obtainable by motion in the same action and in the same court in which the declaratory relief was obtained. Consequential or incidental relief may be granted in the original judgment order declaring rights. Andrews v. City of Springfield, 56 Ill. App. 2d 201, 215-16, 205 N.E.2d 798, 805 (4th Dist. 1965)." (Ill. Ann. Stat., ch. 110, par. 2—701, Historical and Practice Notes, at 13 (Smith-Hurd 1983).)

In *Burgard v. Mascoutah Lumber Co.* (1955), 6 Ill. App. 2d 210, 219, the court construed this statutory provision for "further relief" as not limited to relief previously asked for, but rather contemplating something further "based upon a declaration of right." Accordingly, the court held "the statute permits a party to petition for such further relief as may be appropriate after the declaration of rights, although not previously prayed for by a complaint or counterclaim." (6 Ill. App. 2d 210, 219; see also *Midway Tobacco Co. v. Mahin* (1976), 42 Ill. App. 3d 797, 808; *St. Joseph Hospital v. Corbetta Construction Co.* (1974), 21 Ill. App. 3d 925, 934-35; *American Nursing Homes, Inc. v. City of Rockford* (1964), 53 Ill. App. 2d 447, 450-51.) The purpose of this statute is to permit the trial court to grant appropriate relief in

furtherance of its original judgment where necessary. 53 Ill. App. 2d 447, 451.

We conclude the trial court was correct in considering the petition on its merits. Under these circumstances, Pacemaker's petition for damages following the declaratory judgment was not barred by *res judicata*.

■ Pacemaker's primary contention is that the trial court erred when it dismissed the petition for damages which sought attorney fees, damages for unjust enrichment, and punitive damages.

Pacemaker first argues that it is entitled to recover from Montgomery Ward those attorney fees and litigation expenses which it incurred in prosecuting its action against Mulford and McDonald's. Pacemaker maintains that, notwithstanding the lease with Pacemaker for parking, Montgomery Ward unilaterally and wrongfully granted a right-of-way over said property to Mulford and McDonald's, which constructed and used a roadway over the property. As a result, Pacemaker was required to incur legal expenses to protect its leasehold interest in the property.

Although Pacemaker acknowledges the general rule that each party should bear its own litigation expenses, it claims that it falls within an exception to the rule because the expenses were directly caused by Montgomery Ward's wrongful conduct, and one who commits a wrongful act is liable for all of the ordinary and natural consequences of his act. Pacemaker argues that since Montgomery Ward wrongfully interfered with Pacemaker's rights and Pacemaker was required to incur legal expenses to protect its interest in the subject property, Montgomery Ward should reimburse Pacemaker for those litigation expenses and attorney fees related to the litigation with Mulford and McDonald's.

In support of its position, Pacemaker cites several cases, the most recent one being *Evink v. Pekin Insurance Co.* (1984), 122 Ill. App. 3d 246. Although no wrongful act was committed in *Evink*, the court summarized the law in Illinois on allowance of attorney fees as follows:

> "Generally, attorney fees and the ordinary expenses and burdens of litigation are not allowable to a successful litigant in the absence of a statute, agreement or stipulation specifically authorizing the allowance of such costs. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488, 426 N.E.2d 1204; *Fair v. City of Chicago* (1977), 45 Ill. App. 3d 240, 242, 359 N.E.2d 773; *Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41.) However, this rule does not apply where the loss or expenses were directly caused

by the defendant's wrongful conduct. (See *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 372, 413 N.E.2d 47, allowing recovery of attorney fees and costs where defendant, an attorney, negligently handled plaintiff's case; *Baird v. Liepelt* (1965), 62 Ill. App. 2d 154, 156-57, 210 N.E.2d 1, awarding attorney fees incurred in having a wrongful attachment set aside.) In this circumstance, the general rule applied that 'one who commits an illegal or wrongful act is liable for all of the ordinary and natural consequences of his act.' *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 371, 413 N.E.2d 47." 122 Ill. App. 3d 246, 251.

Montgomery Ward responds that actions such as that advanced by Pacemaker cannot be maintained, according to our supreme court in *Ritter v. Ritter* (1943), 381 Ill. 549, 555:

"When a defendant breaches a lease, violates the terms of a contract, [or] commits a tort \*\*\*, necessitating proceedings, his conduct is wrongful and may require a suit against him by the plaintiff. Under our jurisprudence the defendant may present any defense to such an action that he may have or that he may deem expedient, and in so doing he will not be subjecting himself to a second suit by the plaintiff based on the wrongful conduct of the defendant in causing the plaintiff to sue him or in defending the action. The rule is the same even though the wrongful conduct of the defendant is willful, intentional, malicious or fraudulent." (See also *Boss v. Coe Investment Co.* (1964), 45 Ill. App. 2d 417, 422-23.)

Montgomery Ward further argues that a party to a suit can never incur the responsibility of assuming another *party's* attorney fees, relying upon *Owens v. New York Life Insurance Co.* (1966), 67 Ill. App. 2d 92. The *Owens* court stated:

"Other authorities relied upon by the plaintiff are inapposite in that they relate to instances in which the wrongful act of the defendant caused the plaintiff to engage in litigation with a third person, the defendant not being a party thereto. In the instant case, however, the defendant was a party to the prior litigation as plaintiff and counter-defendant therein. Moreover, if the defendant herein had not filed its bill of interpleader, presumably it would have been sued in independent actions filed by each of the respective claimants for payment of the insurance proceeds. Since under those circumstances, the principle of Ritter v. Ritter, supra, clearly would preclude the recovery of attorney fees as damages by any of the respective claimants, there cannot be such recovery when the insurer simplifies the

litigation process by filing a bill of interpleader." (67 Ill. App. 2d 92, 97.)

Montgomery Ward's position is that, since it has been a party to this suit throughout, it cannot be held liable for Pacemaker's legal expenses.

In 1943, our supreme court discussed the question of damages and under what circumstances attorney fees in prosecuting or defending a lawsuit would be awarded as damages. That court established the line to be drawn between those cases which permitted damages when an action was brought against a third party (such as *Philpot v. Taylor* (1874), 75 Ill. 309), and those cases which clearly held that a party could not recover attorney fees against another party in the litigation. That analysis, as to policy, is as follows:

"The policy of the rule is obvious. If the wrongful conduct of a defendant causing the plaintiff to sue him would give rise to an independent tort and a separate cause of action, there would be no end to the litigation, for immediately upon the entry of judgment the plaintiff would start another action against the defendant for his attorney fees and expenses incurred in obtaining the preceding judgment." (*Ritter v. Ritter* (1943), 381 Ill. 549, 555.)

Here, the original litigation was brought against a number of defendants, including Montgomery Ward, who was the original lessor to the plaintiff. That litigation continued for some time, including two appeals to this court, following which the trial court made a finding that the plaintiff was not entitled to attorney fees because there was a legitimate dispute to be litigated. It is clear from these facts, that McDonald's conduct was not the kind of wrongful conduct for which fees were awarded in *Philpot v. Taylor* (1874), 75 Ill. 309, and its successor cases, through *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 371. Accordingly, we conclude that the trial court was correct in dismissing that portion of the complaint which had to do with an allegation of damages for attorney fees and litigation expense against Montgomery Ward because of the action against Mulford and McDonald's.

■ Pacemaker next argues that punitive damages are a factual issue which should not have been dismissed. Pacemaker contends that whether defendants acted with malice or recklessness or with a conscious indifference is an issue of fact which yet remains to be decided since the issue was not material in the injunction litigation.

Punitive damages are recoverable only where a wrongful act is accompanied by aggravating circumstances such as wilfulness, wantonness, malice or oppression. (*E.g., Wetmore v. Ladies of Loretto,*

*Wheaton* (1966), 73 Ill. App. 2d 454, 467.) The determination of whether the facts of a particular case justify the imposition of punitive damages is a question of law (*Yearian v. Columbia National Bank* (1980), 86 Ill. App. 3d 508, 514), and not a question of fact. The question for a reviewing court is not whether a finding of wilful and wanton behavior, for example, is contrary to the manifest weight of the evidence, but whether the facts of the case warrant imposing punitive damages. 86 Ill. App. 3d 508, 514.

Here, the trial court, in announcing its decision, stated:

"Now, in regard to the various counts for punitive damages, the parties will recall the record in the injunction suit will show that there was considerable controversy and extensive testimony as to whether or not the plaintiff's rights for a parking easement extended to the seventy-four [*sic*] square tract, as such area, at least in part, was not marked as such on the ground, was debatably not used as a parking area, and was designated as a parking area on a plat or map that was disputed. The Court found in favor of the plaintiff on that issue. But the facts in dispute do not give rise to a claim for attorneys fees or for any claim for punitive damages. The Court believes there was a legitimate dispute, and that the parties were entitled to litigate that dispute without the imposition of attorneys fees for plaintiff or punitive damages."

■ Although the court's ruling was based on the pleadings, the court also had the benefit of knowing the factual basis for the petition for damages since the same judge heard both the trial and the subsequent petition for damages. The court's finding that the parties had been involved in a legitimate dispute was not improper. Pacemaker's allegations in their petition that defendants "acted with a conscious disregard and indifference to the rights of the Plaintiff" do not set forth conduct of the defendants which would justify imposing punitive damages. We find no error in the dismissal of the petition as to punitive damages.

■ Pacemaker next asserts that the trial court erred in dismissing its petition for damages for unjust enrichment as against Mulford and McDonald's. It argues that Mulford and McDonald's knew of Pacemaker's interest in the subject property and yet proceeded to engage in wrongful conduct which led them to be unjustly enriched. Pacemaker acknowledges that it had originally sued on the basis of the tort of trespass, but argues that it may now waive the tort and sue for money had and received under the theory of unjust enrichment. See *Gordon v. Bauer* (1940), 373 Ill. 357; *Howard v. Swift*

(1934), 356 Ill. 80.

As Mulford and McDonald's point out, the trial of this case was premised upon the tort of trespass, and they were enjoined from trespassing upon Pacemaker's parking easements. The trial court found Pacemaker's damages to be the loss of use of the 12 parking spaces. The petition here fails to allege that it was damaged by the trespass on or over the parking easements.

Since Pacemaker has obtained relief based on the tort of trespass, it may not now waive that theory and proceed on a contractual theory of unjust enrichment. The unjust enrichment damages sought by Pacemaker would go beyond the scope of compensation and, if allowed, would effectuate a windfall to Pacemaker, as the trial court determined. In dismissing the unjust enrichment counts of the petition for damages, the court noted that the petition did not seek damages for the loss of use of the 12 parking spaces, but sought only recovery on the theory of unjust enrichment, which the court held to be improper.

Although this appeal involves a ruling with respect to pleadings only, the trial judge who ruled on the petition is the same judge who heard the trial and resolved the complaint for declaratory judgment and injunctive relief. The court had, prior to the filing of the petition for damages, made specific findings that Pacemaker's rights were limited to the 12 parking spaces and that decision was affirmed by this court. Pacemaker cannot now argue the theory of unjust enrichment which is inconsistent with the prior judgment.

We conclude the trial court properly dismissed the petition as to damages for unjust enrichment for failure to state a cause of action upon which relief could be granted.

■ Pacemaker's final contention is that the trial court erred in failing to allow Pacemaker leave to file an amended petition for damages for the purpose of clarifying and detailing the allegations of the petition. In support of its position, Pacemaker cites *Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 506, for the proposition that the policy under the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 1—101 *et seq.*) is for courts to exercise their discretion liberally in favor of amendments to a complaint.

Pacemaker, however, fails to note the language in *Arnold* which states that the trial court must determine if plaintiffs would be able to state a cause of action by amending their complaint, and that leave to amend should be granted unless it is apparent that even after amendment no cause of action can be stated. (*Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 506.) A review of the record

in the present case reveals that at the October 25, 1984, hearing on the original petition for damages, the court dismissed the petition but granted Pacemaker leave to amend the petition to show actual damages for the loss of use of the 74-foot-by-74-foot area. At the November 2, 1984, hearing, Pacemaker presented to the court an amended petition for damages and explained to the court the changes in the petition. Counsel for Pacemaker argued that the purpose of the amended petition was to "fine tune" and clarify the legal theory of the original petition. The court concluded that the amended petition did not make substantial changes, and thereby denied Pacemaker's motion to file an amended petition for damages. The trial court considered the substance of the amended petition and determined that, as with the original petition, it stated no cause of action and, thus, it would serve no purpose to permit Pacemaker to file the amended petition. Upon a review of the record, we conclude the court did not abuse its discretion in disallowing the amendment.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.