JAMES D. JOHNSON *et al.*

*v.*

JAMES M. PACE, Garnishee.

GARNISHMENT—*moneys transferred before service and held for the transferee.* Where a school teacher, being indebted, drew an order on the treasurer of the school district for the sum he was entitled to receive, in favor of his creditor, which was accepted by the board of directors on condition he completed his contract, and the creditor, on the back of the order, authorized the secretary to draw the money for him, which he did, as agent for the creditor, on orders drawn in favor of the teacher before the time limited in the order for payment, and before he was garnisheed by another creditor of the teacher: *Held,* that such agent was not liable to the garnishee process, as the money in his hands at the time did not belong to the teacher, but was held as the agent for the first named creditor.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. CASEY & WILSON, and Mr. C. H. PATTON, for the appellants.

Messrs. CREWS & HAYNES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit by attachment, brought by Johnson, Taylor & Co. against George H. Woodward, before a justice of the peace, wherein there was service upon James M. Pace, as garnishee, June 29, 1874. There was judgment against the garnishee before the justice of the peace for $139.15. On appeal from the judgment to the circuit court, Oliver Holmes appeared there, and claimed the money which was in the hands of the garnishee, and on trial before the court, without a jury, the court found that the money which was in the hands of Pace, and in controversy in the suit, belonged to Holmes, and discharged Pace as garnishee, to reverse which judgment Johnson, Taylor & Co., the attaching creditors, bring this appeal.

Pace was secretary of the board of education of Mt. Vernon, in this State. On April 30, 1874, Woodward, the defendant in the attachment suit, who was the principal of the Mt. Vernon high school, under control of said board of education, drew an order, in writing, signed by himself, addressed to Joel F. Watson, treasurer of school district No. 1, directing him to pay to the bearer, Oliver Holmes, $231.25, and charge the same to his account, to pay the same on July 5, 1874, out of any money that might come into his hands belonging to him, Woodward. Upon the back of the order there was an acceptance, in writing, of the same date, signed by Thomas H. Hobbs, president, and James M. Pace, as officers of said board of education and district No. 1, accepting the order, on condition that Woodward continued to discharge the duties of principal to the termination of his contract, July 1, 1874. There was also indorsed upon the order an authority, in writing, signed by Holmes, authorizing Pace to receive the money due Holmes, in accordance with the order. Woodward owed Holmes the money at the time he gave the order.

On the 13th of June, 1874, Pace drew from Watson, treasurer of town. 2 south, range 3 east, 3d principal meridian, (Mt. Vernon township) $123, upon school order No. 165, signed by Hobbs as president and Pace as secretary, and on June 25, 1874, he drew from the same source, upon the same kind of order (No. 177), $61. Both of the orders were in favor of Woodward, being in the usual form of school orders drawn by the school officers upon the town treasurer in payment of teachers' salaries. The money was paid to Pace as Holmes' agent. It was, at the times it was paid, all due to Woodward. Pace had the money in his hands at the time he was garnisheed, June 29, 1874.

It was in respect to this money, and upon this state of facts, that it was sought to charge Pace as the garnishee of Woodward.

We can not doubt that, at the time of the service of the garnishee process upon Pace, June 29, 1874, this money in

his hands should be considered as belonging to Holmes, and not to Woodward. Woodward had previously appropriated it to Holmes, and did all he could to vest Holmes with the right to it, by giving him the written order for it of April 30, 1874. The money was received by Pace, as the agent of Holmes, from the town treasurer, on the school orders in favor of Woodward, and was held in Pace's hands as the agent of Holmes.

We do not conceive that it makes any difference, as is supposed, that the money was paid to Pace previously to July 5, 1874—the day Woodward, by his order, directed the town treasurer to pay it to Holmes. Woodward's indebtedness to Holmes existed at the time he gave this order, and it was the intention that Holmes should have this particular money coming due to Woodward as school teacher.

As between Woodward or his creditors and Holmes, the latter's right to the money was not dependent upon the arrival first of the 5th day of July, 1874, but that date was evidently named for the benefit of the school officers, so that they would not be required to make the payment to Holmes before that time.

Nor do we discover here any such violation of duty or improper practice, as school officers, as is claimed by appellants, which should deny to Holmes the benefit of this money. The acceptance by the president and secretary of the board of education of the order drawn by Woodward in favor of Holmes on the town treasurer, to be sure, was out of the line of their duty as school officers, but it was without effect, and merely harmless. It was not by means of this order that the money was obtained from the town treasurer, but there were regularly drawn school orders on the town treasurer, signed by the proper school officers, as authorized by law, in the usual form of school orders for the payment of teachers' salaries, and it was upon these orders that the town treasurer paid the money to Pace. The only significance of the order to Holmes was as

between the latter and Woodward, denoting Woodward's purpose that Holmes should have the money.

The judgment of the circuit court, discharging the garnishee, will be affirmed.

*Judgment affirmed.*