## Louis Vierheller, Jr.

### v.

### George Brutto, use, etc.

Garnishment—Money in custody of the law.—A person deriving his authority from the law to receive and hold money or other property, is not subject to garnishment for the same while it is so held by him.

Error to the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.    Opinion filed April 2, 1880.

Mr. William C. Kueffner, for plaintiff in error; that it must clearly appear by the answer that the garnishee is chargeable or he should be discharged, cited C. & St. L. R. R. Co. v. Killenberg, 82 Ill. 295; C. & St. L. R. R. Co. v. Hindman, 85 Ill. 521.

Money in the custody of the law cannot be reached by garnishment: Millison v. Fisk, 43 Ill. 112; Campbell v. Hasbrook, 24 Ill. 243; Drake on Attchment, § 494; Brooks v. Cook, 8 Mass. 246; Colby v. Coutes, 6 Cush. 558; Thayer v. Tyler, 5 Allen, 94; Coburn v. Ausart, 3 Mass. 319; Cushing v. Hyde, 10 Miss. 374; Perry v. Thornton, 7 R. I. 17; Garrett v. Gout, 4 Met. 486.

Mr. Geo. W. Brockhaus, for defendant in error; that this being an action relating to the revenue, appeal should be had direct to the Supreme Court, cited Laws 1877, 153, § 2; Laws 1879, 222, § 2.

In the absence of a bill of exceptions showing all the evidence, it will be presumed there was evidence to support the judgment: Wilson v. McDowell, 62 Ill. 522; Mains v. Cosner, 67 Ill. 536; I. & St. L. R. R. Co. v. Miller, 62 Ill. 468.

The garnishee must show matter in discharge of his liability where he is once charged by proof or admissions in his answer: McCoy v. Williams, 1 Gilm. 584; Crain v. Gould, 46 Ill. 293.

Casey, J.　This was a proceeding by garnishment.　The affidavit shows, that on the 18th day of April, A. D. 1878, the People of the State of Illinois obtained a judgment in the St. Clair Circuit Court against George Brutto, for the sum of two hundred dollars; that on the 17th day of August, A. D. 1878, an execution was issued on said judgment against the said George Brutto, directed to the sheriff of St. Clair County; that said execution was returned by the sheriff, "no property found;" that the said George Brutto has no property liable to execution; that "affiant has reason to believe, and does believe, that Louis Vierheller, Jr., is indebted to the said George Brutto, and has moneys effects and estate of said George Brutto in his possession, custody and charge."　Upon the filing of said affidavit, garnishee process was issued against and served on Louis Vierheller, Jr., who appeared, and in answer to the second interrogatary filed in said cause, said: that on the 8th day of September, 1876, he was by the County Court of St. Clair County, Illinois, appointed as guardian for the said George Brutto, to succeed one Edward Abend, his former guardian, in said court; that on that day he received from said Edward Abend the sum of two hundred eighteen 14-100 dollars; calculating compound interest thereon, the said sum of $218.14 now amounts to about $245.08; that he has paid out for, and to said George Brutto, as guardian, and for costs in court, by the order of the county court aforesaid, various sums of money, aggregating with interest thereon to date, the sum of $149.17, and that he is entitled to commission, as he is informed, on said sum of $245.08, at the rate of 6 per cent., making $14.70; so that the account now and at the time of service of said writ of garnishment is as follows:

Total on hand...................................$245.08
　　Total paid out.........................$149,17
　　Commission ...........................　14,70

　　　　　　　　Total......................$163,87　$245,08

Leaving in the hands of him, the said Louis Vierheller, as aforesaid of moneys of the said George Brutto the sum of eighty-one and 21-100 dollars ($81.21-100).　Upon this answer,

Vierheller v. Brutto.

the following judgment was entered. "That the said George Brutto for use of the People of the State of Illinois, recover of the said defendant as such garnishee the said sum of $81.21, and have execution therefor, and it is further ordered by the court that the costs of this proceeding be paid out of said fund." The case is brought to this court by a writ of error, and the following are the errors assigned.

1.   The judgment of the Circuit Court is contrary to the law.

2.   The Circuit Court erred in rendering a personal judgment against Veirheller, and awarding execution thereon. From the answer of the plaintiff in error to the garnishee process, we think that there can be no question but what he held the money of the defendant in the judgment as his guardian; and if he did so was he liable as garnishee? The doctrine as enunciated in Drake on Attachment, section 476, is as follows: Persons acting as guardians of infants are considered to stand in the same position as administrators and executors, and to come within the general principle before stated, and therefore not liable as garnishees in respect of property of their wards in their possession, as guardians.   Gassett v. Goab, 4 Metcalf, 486; Cushing v. Hyde, 10 Miss. 374; Ross v. Allen, 10 N. H. 96; Dean v. McGarock, 7 Humph. 132; Buckley v. Eckert, 3 Tenn. St. 368.

The rule is that a person deriving his authority from the law to receive and hold money or property, cannot be garnisheed for the same when held by him under such authority. Millison v. Fisk, 43 Ill. 118.

The reason of the law is apparent in the case under consideration.   The money in the hands of the guardian is under the control of the county court, and cannot be paid out or expended by the guardian except upon the order of that court; and to allow it to be taken on a process of this kind might "bring the different tribunals into collision." Weaver, Adm'r, v. Davis, 47 Ill. 237; Johnson et al. v. Pace, 78 Ill. 143; Bivens et al. v. Harper, 59 Ill. 21.

From these authorities it is clear that the entry of a judgment against the plaintiff in error was erroneous. We do not deem it necessary to discuss the other error assigned.

The judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.