## City of Chicago, William D. Kerfoot, Comptroller, et al., v. People, etc., ex rel., etc., et al.

1.  MANDAMUS—*Notice to Interested Persons.*—When, after the filing of a petition for a writ of mandamus, it appears that any person other than the original defendant has or claims to have any right or interest in the subject-matter of the action, such person may be made a defendant and summoned to appear, plead, answer or demur in the same manner as if he had been made a defendant to the original petition.

2.  ASSIGNMENT—*Of Salaries by Municipal Officers.*—The doctrine is well settled that a municipal officer can not assign his unearned salary, and his undertaking to do so is but an undertaking, unenforcible and of no validity.   The law prohibits an assignment of a salary by indirection or to be effected by having the official appoint an attorney authorized to receive the salary and turn it over to an assignee.

3.  MUNICIPAL CORPORATIONS—*Purpose of Their Existence.*—A municipal corporation exists for the public welfare only, and it can not be forced into a position by which its duty to its officials in respect to their salaries shall be, not to pay them in accordance with their lawful right, but to pay debts which they may be owing to creditors, or their stipend to those to whom such officers may have assigned it.

4.  SAME—*Effects of Judgments Against.*—A judgment against a municipal corporation is in effect a mere adjudication of a claim.   It does not bring the claimant any money; he can not have an execution issued upon it and levy it upon the property of the corporation.   His only right is to sue out a writ of mandamus to compel its payment.

Mandamus.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1901.   Affirmed.   Opinion filed November 26, 1901.

KRAUS, ALSCHULER & HOLDEN; MORAN, MAYER & MEYER; CHARLES M. WALKER, WILLIAM HOWARD FITZGERALD and HENRY E. MASON, attorneys for appellants.

L. B. LANGWORTHY and C. A. WILLIAMS, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The relator, John D. Connell, a policeman of the city of Chicago, sued out a writ of mandamus against the city of Chicago, William D. Kerfoot, as comptroller, and Adam Ortseifen, as treasurer.

In his petition the relator asserts that pay checks had been duly issued by the proper officers of the city of Chicago to pay him his salary as a policeman for the months of June, July and August, 1900, but that the respondents, Kerfoot and Ortseifen, wrongfully refused to deliver the said checks to the relator. The petition states that one H. Moss claims some interest in the salary and check of the relator for August, 1900, which claim is declared to be without foundation.

The answer of the comptroller sets up the notice by the appellant Panush of an assignment to him of the June salary claimed by the relator and that the refusal to deliver the check for said salary was in consequence of said notice.

The answer of Kerfoot shows that on August 18, 1900, the relator recovered a judgment against the city of Chicago for the June salary. In the replication to this answer the recovery of said judgment is admitted.

The answer of the treasurer sets up that he had received a notice of an assignment to H. Moss of the August salary and by reason thereof had refused to pay the August salary to the relator.

There was no issue and no judgment as to the September salary, which was averred to have been assigned to one Hubbell, as to whom the petition was dismissed.

On October 11th, on motion of the respondents, Panush and Moss were made parties defendant and it was ordered that a writ of summons upon the petition be issued against them.

Thereafter an order of default was entered against Panush and thereafter the demurrer of Moss to an amended

petition was overruled and he was ordered to answer in three days, and for want of answer his default was taken on October 23d. A jury was impaneled, who returned a verdict for the relator on October 26th. The original respondents, H. Moss and Morris Panush, prosecute this appeal.

Panush and Moss contend that they were improperly made parties to the proceeding.

Section 7 of the statute concerning mandamus proceedings provides that if, after the filing of a petition of mandamus, any person, other than the original defendant, shall appear to the court to have or claim any right or interest in the subject-matter, such person may be made a defendant, and may be summoned and appear and plead, answer and demur in the same manner as if he had been made defendant to the original petition.

It is also contended by appellants that the petition does not present a case properly calling for relief upon mandamus and that upon the issues joined no relief should have been granted.

It is also claimed by Panush that the judgment obtained by the relator for his salary for the month of June, claimed by Panush, precludes the forming of any issue in this proceeding as to the right of Panush to such salary.

Appellants Panush and Moss urge that the question under consideration is not only whether the city could refuse to recognize the assignments of salary made by the relator on the credit of which he had received money, but whether the relator, in view of said assignments, is entitled to a writ of mandamus to compel the payment to him of that which he had assigned to others. And they quote from Spelling on Extraordinary Legal Remedies, section 1380, in which it is said that "the relator in such a proceeding must come into court with clean hands."

In this case the question of whether the relator, as between him and his assignees, is equitably entitled to the salary on account of which he has sued out a writ of mandamus, is not involved. The rule as to non-assignability of the unearned salary of public officers does not rest at all

upon equitable considerations, as between the official and his assignees, but upon grounds of public policy.

The doctrine is well settled that a municipal officer can not assign his unearned salary. His undertaking so to do is but an undertaking, unenforcible and of no validity. The law also prohibits assignments of salary being had by indirection or effected by having the official appoint an attorney authorized to receive the salary and turn the same over to an assignee.

The performance of public service is secured by protecting those engaged in performing public duties, and it is not upon the ground of their private interests, but upon the necessity of securing an efficient public service, by seeing to it that the funds provided for the maintenance of government officials should be received by them at such periods as the law has appointed for their payment.

If assignments of the salaries of public officers were permitted, then the assignees would be entitled to receive the salaries directly, and thus to take the place of the assignors in respect to the emoluments, leaving the duties to be discharged by said officers, a barren charge, to be borne by the assignees. Such a condition of affairs would inevitably produce results disastrous to the efficiency of the public service.

In this case, with the private equities and good faith between the relator and those to whom he has assigned his salary, the court has nothing to do.

The position of the relator is sustained and the city officers are commanded to give to him the checks, and the money to which he is entitled, not because it commends his conduct toward the assignees from whom he has obtained money, or holds that he ought not to pay them as he has promised, but because the public interests are such that the assignment by a public officer of his unearned salary can not be permitted or treated by the courts otherwise than as void.

It would be in the highest degree harmful to the public that municipal corporations should be permitted to be

turned into agencies through which the collection of private debts might be enforced.

A municipal corporation exists for the public welfare only, and it can not be forced into a position by which its duty as to its officials in respect to their salaries shall be, not to pay them in accordance with their lawful right, but to pay the debts which they may be owing to creditors, or their stipend to those to whom they might have assigned it. Bliss v. Lawrence, 58 N. Y. 442; Schwenk v. Wyckoff, 46 N. J. Equity, 560; Am. & Eng. Ency. of Law (2d Ed.), Vol. 2, p. 1033; King v. Hawkins, 16 Pac. Rep. 434; Merwin v. City of Chicago, 45 Ill. 133; Addyston Pipe & Steel Co. v. City of Chicago, 170 Ill. 580; State v. Williamson, 118 Mo. 146; People v. Omaha, 2 Neb. 169; Wallace v. Lawyer, 54 Ind. 501; Hightower v. Slayton, 54 Ga. 108; Schloss v. Hewlett, 81 Ala. 266; Johnson v. Pace, 78 Ill. 143.

It is urged that the relator, having obtained a judgment against the city for his June salary, can not maintain, as to it, this action. The judgment had by the relator is in effect a mere adjudication of his claim. It does not bring him any money; he can not, upon it, take out execution and levy upon the property of the city. His only right is to sue out a writ of mandamus to compel the city to pay such judgment.

It is also urged as to the June salary that the assignment of it was not made until after it had been earned; that is to say, that the power of attorney to collect the unearned salary of the relator having been made, the particular salary was not designated, but left blank; and that " June, 1900," thus making the power of attorney applicable to the salary of that month, was not inserted until June 29. This was but an attempt to do by indirection what the law prohibits. The power of attorney, though irrevocable in terms, does not amount to an assignment when no assignable interests exist at the time the power is made. Lehigh Valley R. Co. v. Woodring, 116 Pa. St. 513–517.

While it is true that the writ of mandamus will not be awarded unless the relator shows a clear legal right to have the thing sought out to be done and in the manner asked,

(Swigert v. County of Hamilton, 130 Ill. 549,) we regard the case of the relator as being within the rule. That he had earned the salary and that payment therefor was past due was undisputed. The only pretense for not paying him were the unlawful claims thereto set up by persons to whom he had made, in form, assignments, which pretended assignments were and are void and of no effect.

The judgment of the Circuit Court is affirmed.