DOROTHY FAIR, Petitioner-Appellee, *v.* THE CITY OF CHICAGO, Respondent-Appellant.

First District (1st Division)  No. 62913

Opinion filed January 3, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert Retke, Assistant Corporation Counsel, of counsel), for appellant.

Mary R. Hooton, of Hooton & Daskais, of Chicago (Georgiana Daskais, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

On February 2, 1975, the circuit court of Cook County ordered Walter Fair to execute a wage assignment in favor of petitioner Dorothy Fair in the amount of $300 a month in satisfaction of certain alimony and child support obligations. On the same date, Walter Fair executed the assignment and petitioner served it on his employer, respondent City of Chicago. The city, on March 14, 1975, informed Dorothy Fair that it would not honor the assignment. On July 31, 1975, she filed a petition

for judgment against the city. The circuit court, on August 1, 1975, ordered the city to honor the wage assignment, entered judgment against the city for $1200 (the amount the city had not withheld between the date of the service of the assignment and the date of its order) and awarded Dorothy Fair $500 attorney's fees.

The city appeals, contending that (1) it was exempted from complying with the wage assignment, (2) it was not liable for the amounts not withheld from its employee's wages and (3) the award of attorney's fees was improper.

The city's claim of exemption is the 1901 decision of the appellate court in *City of Chicago v. People*, 98 Ill. App. 517, which held that an assignment of wages by a municipal employee was invalid because contrary to public policy. Section 4 of article XIII of the Illinois Constitution of 1970 abolished all sovereign immunity: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." In *Henderson v. Foster* (1974), 59 Ill. 2d 343, 319 N.E.2d 789, the court, in upholding a garnishment proceeding against the Urbana Park District and overruling prior decisions holding to the contrary on the ground of public policy, said (59 Ill. 2d 343, 349):

> " * * * Thus, the principle of sovereign immunity, whether it stems from prior constitutional provisions or from principles of common law (see *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11), does not exist under the 1970 Constitution except as the General Assembly provides by law. See S.H.A., Ill. Const., art. XIII, sec. 4, Constitutional Commentary, at 292 (1971)."

The rationale of *Henderson* is controlling here. In fact, two of the prior decisions there overruled (*Merwin v. City of Chicago* (1867), 45 Ill. 133, and *Addyston Pipe and Steel Co. v. City of Chicago* (1897), 170 Ill. 580) were relied on by the appellate court in *City of Chicago v. People*.

Sovereign immunity having been abolished by the 1970 Constitution, the question, as stated in *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 89, 338 N.E.2d 876, 877, "is not whether the General Assembly has waived immunity, but whether it has statutorily granted such immunity."

In 1975, the General Assembly amended the Wage Assignment Act to provide (Ill. Rev. Stat. 1975, ch. 48, par. 39.10):

> "All wages, salary amounts or other compensation paid by the State, any unit of local government or school district to any of its employees are exempt and not subject to collection under a wage assignment."

The city contends that the public policy expressed in this amendment is applicable and bars this action. Petitioner states that the wage assignment was issued under the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 21.1) and that this amendment of the Wage Assignment Act does not apply.

■■ It is unnecessary to decide whether this amendment applies to a wage assignment under the Divorce Act because the amendment did not become effective until October 1, 1975, subsequent to the proceedings in the trial court. The public policy of the State "is to be found in its constitution and statutes, and when cases arise concerning matters upon which they are silent then in its judicial decisions and the constant practice of government officials." (*Colgrove v. Lowe* (1931), 343 Ill. 360, 362, 175 N.E. 569, 570-571, *cert. denied*, 284 U.S. 639, 76 L. Ed. 544, 52 S. Ct. 21.) The 1970 Illinois Constitution (art. IV, §13) has established the State public policy and we have been unable to find any statute or judicial decision at the time of the proceeding in the trial court exempting the city from complying with the wage assignment. The trial court correctly found that the city was not exempt and was liable for the amounts which it failed to withhold between the date of the service of the assignment and the date of its order.

■■ The trial court erred, however, in awarding $500 attorney's fees. The applicable rule is stated in *Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41, 43:

> "The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity. * * * "

In this case there is no such agreement or stipulation and there is no provision in the Wage Assignment Act authorizing such fees (Ill. Rev. Stat. 1975, ch. 48, par. 39.1 *et seq.*). The statutes relied on by petitioner, the Illinois Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 707—4) and the Illinois Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 21.1), are clearly inapplicable. The Juvenile Court Act applies only to legal fees for representing a minor in connection with hearings under that Act. The Divorce Act provides only for payment of attorney fees for services rendered in litigation against a party to the suit. Section 21 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 21.1) has no provision for attorney fees. Nor is there any judicial precedent for allowing such fees, either in the trial court or in this court.

For the above reasons, the judgment of the circuit court of Cook County in favor of Dorothy Fair and against the City of Chicago in the amount of $1200 is affirmed and the judgment in her favor and against the City of Chicago for $500 attorney's fees is reversed.

Judgment affirmed in part and reversed in part.

GOLDBERG, P. J., and SIMON, J., concur.