CONCERNED CITIZENS FOR McHENRY, INC., *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF McHENRY *et al.*, Defendants-Appellees.

Second District   No. 78-164

Opinion filed September 19, 1979.—Modified on denial of rehearing October 31, 1979.

Gordon, Schaefer & Gordon, of Chicago, for appellants.

James E. Berner, of Caldwell, Berner & Caldwell, of Woodstock, and Bernard V. Narusis, of Narusis and Narusis, of Cary, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This matter concerns a challenge to the validity of the rezoning of an approximately 6-acre plot of undeveloped land located immediately east of Illinois Route 31 and immediately north of the southern limits of the city of McHenry. The property is rectangular in shape and fronts Route 31 for 817 feet and is 316 feet in depth. It was annexed to the city of McHenry in 1959 and has been undeveloped since that time.

In 1977 the present owners applied for the rezoning of the property from R-3 Single Family to B-1 Commercial Retail District, with such accompanying variation as would permit them to operate a retail auto dealership thereon. Concurrent with that application the owners also applied for the rezoning from R-3 to R-4 Multiple Family of other property owned by them which bordered the property in question to the east. As required by the ordinances of the city of McHenry, the zoning appeal board of that community held a public hearing on the owners' application. At the conclusion of the hearing the board voted 5-1, with one abstention, to deny the owners' application.

On May 2, 1977, the city council of the city of McHenry met and an oral motion was made and seconded to reject the recommendation of the zoning board of appeals and grant the zoning amendment and variation as requested by the owners. At the time of that motion no written ordinance was tendered for the inspection of the council. Despite this, the council voted 6-3 to disregard the recommendation of the zoning board of appeals and grant the amendment to the zoning ordinance and variation as requested insofar as the property in question here was concerned. The city council did not, however, reject the recommendation of the zoning board of appeals with regard to the petition by these owners for rezoning of the adjoining land from single to multiple-family use, and that property remained R-3 Single Family Residential.

Ten days after the city council's decision the petitioners' attorney transmitted a draft ordinance to the city for inclusion into the city records as and for the oral ordinance which was passed on May 2, 1977. On May 13, 1977, the mayor of the city of McHenry vetoed the amendment and

variation. On May 16, 1977, the city council voted 6-1, with one abstention, to override the mayor's veto. Subsequently the plaintiffs, a not-for-profit corporation, and individual homeowners whose land adjoins the property in question, filed this action for declaratory judgment and mandatory injunction, alleging that the amendment to the ordinance and the variation were illegal and void. Subsequent to the filing of this action in the circuit court of McHenry County two circuit court judges recused themselves and on August 22, 1977, the plaintiffs filed a motion for a change of venue, alleging prejudice against them within McHenry County due to the alleged political influence of one of the owners of the property, Edward J. Buss. This motion was denied and subsequently, on October 28, 1977, this matter was brought to trial and extensive evidence was introduced by both the plaintiffs and the defendants. On December 30, 1977, the trial court issued a 19-page memorandum opinion which set forth the facts and applicable law in this matter and concluded that the plaintiffs had not overcome the presumption of validity of the ordinance by a preponderance of the evidence and found for the defendants on the merits. On January 13, 1978, a judgment order was filed which incorporated the findings of the memorandum opinion. The plaintiffs appeal from that order.

In the briefs submitted to this court the plaintiffs raise the following issues. First, whether the failure of the owners of the property to pay a fee with their application regarding the subject property submitted to the McHenry Soil & Water Conservation District caused the zoning amendment to be void. Second, whether various rulings of the trial court as to the admission of evidence constituted reversible error in that they denied the plantiffs a fair trial. Third, whether the denial of the plaintiffs' petition for a change of venue constituted reversible error. Fourth, whether the procedure used by the city council in approving the rezoning and variation ordinance in question was unauthorized and improper. Fifth and finally, whether or not the rezoning by the city council of the property in question was an arbitrary and capricious exercise of the power to regulate the use and development of land under the law of the State of Illinois.

■■ We turn now to the first issue raised by the plaintiffs in this appeal. That issue is whether the failure of the defendant Buss to pay a fee to the McHenry County Soil & Water Conservation District caused the rezoning of their land to be void. In support of their contention the plaintiffs rely upon sections 22.02a and 22.09 of the Soil and Water Conservation Districts Act (Ill. Rev. Stat. 1977, ch. 5, pars. 127.2a and 127.9). These statutory provisions require that any person who petitions for an alteration of his zoning shall furnish a copy of his petition to the appropriate soil and water conservation district. The district is then given

30 days from the time it receives that petition to issue a written opinion to the agency with jurisdiction over the zoning. It is further provided that the district may charge fees to any person who makes a request for services or receives benefits rendered by the district. It is agreed that the defendants Buss did not pay any fees which may have been required by the McHenry County Soil and Water Conservation District at the time they submitted their petition on the property in question. The plaintiffs contend that the payment of a fee to the district is a condition precedent to any rezoning and its absence voids any subsequent rezoning or variation. We do not agree. We have carefully examined the acts cited and we fail to find any provisions therein for the voiding of any legislative acts whatsoever. Furthermore, section 22.02a, which requires the filing of a copy of the petition with the appropriate district, does not give the district a veto power over such petition. Rather, it allows the district sufficient time to analyze the consequences of the proposed change and permits it to file its opinion concerning the water control and soil conservation aspects of the petition with the appropriate rezoning authority. In sum, it gives the district a voice in the rezoning but not the power of censor. Thus, if the district refuses to analyze a petition because a fee has not been paid, it appears to us that the district is ignoring its duty to the public to report on the water and soil conditions which may arise from the proposed use. In addition, the benefit, if any, which would flow from any report by the district would, in our opinion, most probably flow to the public rather than to the petitioner. Therefore, we find the plaintiffs' argument in this regard is without merit.

■■ We now turn to the general contentions of the plaintiffs that various errors were committed by the trial court in its rulings upon the admission or refusal to admit evidence at trial. Although the plaintiffs list four alleged errors and cite their location in the record, their brief is totally devoid of any support for any contention of error with regard to these evidentiary rulings. It is not the role nor the duty of this court to support vague and general contentions of error made by an appellant. We, therefore, refuse to consider these particular contentions made by the plaintiffs.

■■ The next issue is whether the trial court properly denied the plaintiffs' petition for change of venue filed under section 1(2) of the venue act (Ill. Rev. Stat. 1977, ch. 110, par. 501(2)). In support of their argument the plaintiffs contend that they filed a verified petition requesting that the court transfer this matter out of the county or to a circuit judge from another county, as allowed by section 2 of the venue act. They go on to state that the law in Illinois is well settled that when the requirements of the venue act are met, the right to change of venue is absolute. The defendants have countered by pointing out that the plaintiffs failed to

accompany their verified petition with the affidavits of two other reputable persons resident in the county in support of the allegations in the petition as required by section 4 of the venue act. We have reviewed that particular section and find that without question the plaintiffs have failed to meet those requirements. Accordingly the contentions of the plaintiffs that the matter should be reversed and remanded for retrial are without merit.

■■ The fourth area raised by the plaintiffs is whether the procedure used by the city council and approving the rezoning and variation ordinance in question was unauthorized and improper and that, therefore, the ordinance is void. Under this broad contention the plaintiffs first point to the provision of the city of McHenry Zoning Ordinance which provides that a petitioner must publish a notice of his petition and that the notice shall contain:

> "* * * a simple description of the property as to area and location, of such nature as to enable the ordinary reader to accurately locate such parcel. This description shall be in addition to the required metes and bounds of the lot and block description."

The plaintiffs contend that the notices published in the McHenry Plaindealer were insufficient and inaccurate because the simple description of the property in question differed by a number of feet from the plat of survey which was later filed with the city council. We have examined the notices which were published in this matter and are of the opinion that the plaintiffs are incorrect. The sole guideline stated in the ordinance is that the simple description must enable the ordinary reader to locate the property. That there may be a variation of a number of feet between the accurate survey of the land and the general description does not, in our opinion, create invalidity sufficient to void the effect of the subsequent ordinance. We thus reject this contention of the plaintiffs.

The next attack on the validity of the ordinance passed in this instance is the contention that the city council did not discuss nor find certain facts which are alleged to be conditions precedent to the passage of any rezoning or zoning variance ordinance. This argument is made in contradiction to the face of the ordinance of record, which contains statements of all the requisite findings which the plaintiffs contend are missing. However, in support of their argument the plaintiffs have quoted extensively from the zoning ordinance of the city of McHenry. That ordinance provides, in pertinent part, that:

> "STANDARDS FOR VARIATIONS: Where an application for a variation of the regulations of the ordinance is made to the Board in which it is alleged that practical difficulties or particular hardship, not intended, or not common to the owners of property in the vicinity will be imposed in carrying out the strict letter of any

such regulation, the Board may vary the application of such regulations in harmony with the general purposes and intent of this ordinance and in accordance with the following rules.

No variations in the application of the provisions of this ordinance shall be made concerning the use of land, the intensity of such use, or other requirements of this ordinance unless, after a public hearing as provided for in this ordinance, the Board shall find and report to the City Council that:

> a. the particular physical surroundings, shapes, or topographical condition of the specific property involved would result in a particular hardshop upon the owner, as distinguished from a mere inconvenience, if the strict letter of the regulations were carried out;
>
> b. the conditions upon which the petition for a variation is based are unique and would not be applicable, generally, to other property within the same zoning classification;
>
> c. the purpose of the variation is not based exclusively upon a desire to make more money out of the property;
>
> d. the alleged difficulty or hardship has not been created by any person presently have an interest in the property;
>
> e. the granting of the variation will not be materially detrimental to the public welfare or injurious to other property or improvements in the neighborhood in which the property is located; and
>
> f. the proposed variation will not impair an adequate supply of light and air to adjacent property, or substantially increase the congestion in the public streets, or increase the danger of fire, or endanger the public safety, or substantially diminish or impair property values within the neighborhood."

After an examination of the ordinance and the record before us, we are convinced that the plaintiffs' specific contention here is unfounded. The ordinance on its face clearly does not require that the city council make findings "a" through "f" before the passage of a rezoning ordinance.

■■ We now turn to the last major contention of the plaintiffs which is that the zoning of the property in question was an arbitrary and capricious exercise of the zoning power by the McHenry city council and that it should be reversed by this court. With regard to this issue, the parties are in general agreement as to the factors which should be applied to test this question which we will not reiterate. (See *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46, 145 N.E.2d 65, 69.) The issue, as we now see it, with regard to the rezoning of the property in question to a B-1 category without variation, is whether such rezoning constituted "spot

zoning" under the case law of this State. In the recent case of *Chicago Title & Trust Co. v. Village of Skokie* (1978), 60 Ill. App. 3d 221, 235, 376 N.E.2d 313, 324, the court noted that:

> "Spot zoning is a change in zoning applied only to a small area, which is out of harmony with comprehensive planning for the good of the community. [Citations.] This definition of spot zoning has been interpreted as zoning which would violate a zoning pattern which is homogenous, compact and uniform."

In that case the court went on to find that such a situation did not exist in that instance. In the case before us, however, just the reverse is true. The sole deviation from R-3 Single Family Residential zoning and use is a plot of land somewhat north of the property in question. For that plot a variation had been obtained from the city of McHenry for the construction of an animal hospital which architecture resembles a single-family home and which is set back from the highway similar to a home. However, the underlying zoning for that plot remained R-3 Single Family Residential. Therefore, the intrusion of this B-1 zoning into the area of the city of McHenry east of Route 31 and within the city limits seems to us to invoke the definition of spot zoning. Such a finding is also supported by the fact that the rezoning ordinance in this instance is directly contrary to the comprehensive plan of the city of McHenry as well as the recommendation from the zoning board of appeals that the zoning not be granted. Certainly those people who have constructed their homes in this area should be able to place some reliance on the continued existence of the zoning set forth by the plan. An intrusion of a business such as the one contemplated here directly adjacent to these homes cannot be condoned merely because it fronts a highway.

Defendants state that a plan is merely a general guide for growth and argue that there is so much commercial and industrial development near the site in question as to make it "not in a neighborhood where the predominant characteristic is residential." The record reveals, however, that a large part of this nonresidential property is on the opposite side of Route 31 from the property and that the property on the same side of the highway at this point is indeed strongly residential in character. A highway may serve as a proper demarcation between residential and business uses. (*Padgett v. City of Oakbrook Terrace* (1967), 89 Ill. App. 2d 244, 231 N.E.2d 466.) However, we feel that it is a proper demarcation in the instant case. In some respects the instant case is very similar to *Schultz v. Village of Lisle* (1972), 53 Ill. 2d 39, 289 N.E.2d 614, in which a gas station was prohibited on a corner lot in a residential area despite the fact that the residential area was located between two areas zoned and developed for business uses. Thus the fact that property across Route 31 to the west is zoned industrial need not affect the residential zoning to the

east of that highway and, in fact, does not as it does not affect the residential nature and value of the property to the east.

The defendant city also notes that the area in question is not totally and uniformly residential, even on the east side of Route 31, and argues that this should be a significant factor in our decision. We disagree. The existing variations do not alter the essentially residential character of the property to the east of the highway at this point. The fact that there may have been "spot zoning" in the past in this area does not, of itself, indicate that this should be continued.

Defendant Buss complains that his property may be unsuitable for residential development but has presented no evidence that he had made any serious attempt to develop or sell it for such use. Moreover, defendant Buss knew quite well at the time he bought it that the property in question was restricted to residential use. In 1963 the then owners of this six-acre tract petitioned to have the property rezoned from single-family residential to multi-family residential use. The zoning board of appeals for the city heard and denied this petition. Mr. Buss, the present owner, was then on the zoning board of appeals of the city of McHenry and personally made the motion recommending that the city council deny the petition. Subsequently, Buss purchased this tract, still zoned for single family residences. His purchase was not conditional on any re-zoning. Only after the land was his did he reverse his position of some years earlier and petition to have the property rezoned to allow him to build and operate an automobile agency there.

In *Bright v. City of Evanston* (1965), 57 Ill. App. 2d 414, 433, 206 N.E.2d 765, 774-75, the court stated:

> "While we are mindful of the fact that the acquisition of property with knowledge of the R-1 zoning does not deprive the plaintiff of a right to have it declared invalid, [citations], nevertheless, plaintiff has been put in a less favorable position. In *Treadway v. City of Rockford*, 28 Ill. 2d 370, 192 N.E.2d 351, the court held that persons who purchased property knowing its restricted status for residential purposes are not in the same position as land owners whose property is subsequently zoned for more restrictive purposes than existed at the time of purchase. [Citation.]"

If ever there were a case where an owner had knowledge of the restricted nature of the property when he purchased it, this is the one. Mr. Buss is not simply an ordinary citizen who, while having knowledge of zoning restrictions may not fully realize their import, but a former member of the city's zoning board of appeals who voted to keep the very property in question restricted to single-family residences.

■■ Furthermore, we note that in all the briefs submitted to this court by

the defendants, the primary justification for the rezoning of this property is the anticipation of an increase of the tax base of the community. We find that such a justification is totally illusory and totally violative of all the basic principles of zoning. If the profit motive were the sole reason that zoning authorities varied their classifications, then any use whatsoever would be appropriate next to any other use so long as the maximum amount of taxes could be generated for the community's use. This is not the law. We emphatically state that an increase in the tax base is not sufficient of itself to support rezoning. In short, we are convinced that this is, in fact, a case of "spot zoning." The rezoning ordinance passed by the McHenry city council was arbitrary and capricious. We find that the plaintiffs have, in fact, overcome the presumption of the validity of the zoning ordinance by clear and convincing evidence that the ordinance was unreasonable and unrelated to public health, safety or welfare.

For the foregoing reasons the judgment of the trial court is reversed and the petition for rehearing is denied.

Reversed. Petition for rehearing is denied.

RECHENMACHER and NASH, JJ., concur.