JERRY EVINK, Adm'r of the Estate of Dawn Marie Edwards, a/k/a Dawn Marie Evink, *et al.*, Plaintiffs-Appellants, *v.* PEKIN INSURANCE COMPANY *et al.*, Defendants-Appellees.

Second District   No. 83—137

Opinion filed February 29, 1984.—Rehearing denied April 5, 1984.

Bernard P. Reese, Jr., of Reese, Reese & Bagley, of Rockford, for appellants.

Brassfield, Cowan & Howard, of Rockford, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiffs, Jerry and Bonnie Evink, and Mary Lou Edwards Gregory, appeal from the denial of their motion to disqualify defendants' attorney, as well as from the dismissal of their two-count complaint for failing to state a cause of action. Count I of the complaint sought to recover attorney fees and costs from defendants James Poe and Pekin Insurance Company (Pekin) for their alleged tortious interference with the recovery rights of plaintiffs and with Jerry Evink's right to be administrator of the estate of Dawn Marie Evink. Count II of the complaint sought to recover from Poe, the alleged natural father of Dawn, support and maintenance for the now deceased Dawn Marie. Pekin and Poe are represented by the same attorney.

The facts underlying this cause were set forth in a previous appeal to this court (see *In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 435 N.E.2d 1379), but will be repeated briefly here. On November 25, 1980, Dawn Marie Edwards, then 13, was struck and killed by a car driven by Mark Wilson. After her death, Jerry Evink filed a petition to be appointed administrator of Dawn Marie's estate in order to file a wrongful death action. The Evinks also filed a petition seeking to establish an "equitable adoption" of Dawn Marie, alleging that they obtained permanent custody of the deceased three days after her birth on October 8, 1967, and had agreed to adopt her with the consent of the natural mother, Mary Lou Edwards Gregory. The petition further alleged that James Poe was the natural father, had deserted Dawn at birth, was unknown to the child, and furnished no support, and that the Evinks had cared for Dawn as their own child until the time of her death. James Poe was made a party to the adoption petition. He filed a motion to dismiss, primarily on the ground that the Adoption Act does not permit the adoption of a de-

ceased person. (Ill. Rev. Stat. 1979, ch. 40, par. 1501 *et seq.*) The petition to appoint Jerry Evink as administrator was granted by the circuit court of Winnebago County; however, the petition for "equitable adoption" was dismissed. Plaintiffs appealed from the dismissal, and this court affirmed in *In re Estate of Edwards.* We further held that the Evinks as foster parents could not recover damages in an action for the wrongful death of Dawn. *In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 638, 435 N.E.2d 1379.

Following their initial appeal, the Evinks filed the instant two-count complaint against defendants. Count I alleged the tortious interference with plaintiffs' right to recovery and Jerry Evink's right to be appointed administrator and stated: that James Poe was notified of the hearing on the petitions to adopt and to be appointed administrator of Dawn's estate; that in response to the petition to adopt, Poe filed a motion to dismiss said petition; that by special and limited appearance, Poe and Mark Wilson joined together by their attorney and requested that the petition for Jerry Evink's appointment as administrator be denied; that the natural mother had the right to appoint or nominate someone to act as administrator, and that she nominated Jerry Evink to act in that capacity. The count further alleged that neither Poe nor Wilson had the right to intervene in those proceedings; that as a result of that intervention plaintiffs were required to expend money or incur obligations in order to resist defendants' objections to the appointment of Jerry Evink; that the insurance company's interference was in violation of certain specified sections of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 613 *et seq.*); that defendants have interfered with the Evinks' right to recover funeral expenses and other amounts to which they may be entitled by reason of Dawn's death; that by reason of defendants' interference in the proceedings to determine the rights of the parties, the appellate procedure was made more costly; and, that the conduct of Pekin was wilful and malicious and engaged in to reduce its liability to Dawn's estate. Defendants moved to dismiss count I primarily on the grounds that Poe was made a party to the legal proceedings and had the right to appear and to object, that any request for attorney fees should have been made in the previous proceedings and that the Evinks as a matter of law were not entitled to recover any sum for Dawn's death, as plaintiffs' complaint alleged. Defendants' motion to dismiss count I was granted.

Count II of the complaint sought to recover support from James Poe and alleged that as the natural father of the deceased Poe was obligated and able to pay support for Dawn during her lifetime; that

he failed to pay any amount; and, that the Evinks acted in the parents' stead, thereby assuming financial burdens connected with the support and maintenance of Dawn. Defendants moved to dismiss count II primarily on the ground that it alleged a cause of action for paternity and was not commenced within the time limits provided by law.

Subsequently, plaintiffs moved to disqualify defendants' counsel alleging that the interests of Pekin and Poe were adverse and that representation of these defendants by the same attorney resulted in an actual conflict of interest "which adversely affects the rights of Plaintiffs ***." The exact nature of any conflict of interest was not specified.

Defendants' motion to dismiss count II was granted; plaintiffs' motion to disqualify defendants' counsel was denied.

Plaintiffs first argue that their motion to disqualify defendants' attorney was improperly denied because the interests of Pekin and Poe are adverse and "on their face represent competing and conflicting rights and duties of the various defendants." Although plaintiffs have raised this issue, they have failed to set forth either the nature of the conflict which they allege exists or how they have been prejudiced by such a conflict, even if it does exist. A reviewing court is entitled to have the issues clearly defined, and to have briefs submitted that are articulate and present an organized and cohesive legal argument in accordance with applicable supreme court rules. (*Pecora v. Szabo* (1982), 109 Ill. App. 3d 824, 825-26, 441 N.E.2d 360; *In re Marriage of Souleles* (1982), 111 Ill. App. 3d 865, 869, 444 N.E.2d 721.) It is not the role nor duty of the appellate court to support vague and general contentions of error made by an appellant. (*Concerned Citizens for McHenry, Inc. v. City of McHenry* (1979), 76 Ill. App. 3d 798, 801, 395 N.E.2d 944.) Even assuming, for the sake of argument, that a conflict does exist between the interests of Pekin and Poe, plaintiffs would have no standing to challenge defense counsel's ability to represent both of these parties without some showing that this representation adversely affects their interests. (*Buehler v. Whalen* (1976), 41 Ill. App. 3d 446, 461, 355 N.E.2d 99.) Having failed to do this, we find that the trial court correctly denied their motion to disqualify defendants' counsel.

Next, plaintiffs contend that count I of their complaint was improperly dismissed for failing to state a cause of action. This count essentially sought to recover the costs of litigation, including attorney fees, which plaintiffs incurred by reason of defendants' alleged tortious interference in the appointment and adoption proceedings. Plain-

tiffs' argument is premised upon the theory that defendants, particularly Pekin, had no standing to object to the appointment proceedings, and that this wrongful objection necessitated the expenditure of large sums of money to successfully defend against the objection, which sums would not otherwise have been spent.

■ Generally, attorney fees and the ordinary expenses and burdens of litigation are not allowable to a successful litigant in the absence of a statute, agreement or stipulation specifically authorizing the allowance of such costs. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488, 426 N.E.2d 1204; *Fair v. City of Chicago* (1977), 45 Ill. App. 3d 240, 242, 359 N.E.2d 773; *Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41.) However, this rule does not apply where the loss or expenses were directly caused by the defendant's wrongful conduct. (See *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 372, 413 N.E.2d 47, allowing recovery of attorney fees and costs where defendant, an attorney, negligently handled plaintiff's case; *Baird v. Liepelt* (1965), 62 Ill. App. 2d 154, 156-57, 210 N.E.2d 1, awarding attorney fees incurred in having a wrongful attachment set aside.) In this circumstance, the general rule applies that "one who commits an illegal or wrongful act is liable for all of the ordinary and natural consequences of his act." *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 371, 413 N.E.2d 47.

■ In the instant case, we find that the amounts plaintiffs expended in attorney fees and costs of litigation were not occasioned by any wrongful conduct on the part of defendants. Thus, we find no reason to except the present case from the general rule that the ordinary expenses and burdens of litigation are not allowable to a successful litigant. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488, 426 N.E.2d 1204.) While plaintiffs argue that defendants wrongfully filed a motion to dismiss Evink's petition for appointment without having standing to do so, we are unable to determine the merits of this claim since defendants' motion to dismiss in the original action was not made a part of the record on appeal. The burden is on the appellant to present a satisfactory record, and any doubt arising from the incompleteness of the record will be resolved against the appellant. (*Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 552, 405 N.E.2d 1093.) Further, plaintiffs have cited no authority for the proposition that the conduct of filing a motion to dismiss without standing is in and of itself tortious conduct justifying the recovery of damages. Nor is there any authority for the proposition that plaintiffs have a reasonable expectation to be free from any objections to their petitions to adopt or to be appointed administrator of Dawn's estate. In fact, case law has

established a contrary public policy, holding that a litigant should not be penalized for ascertaining his legal rights and that a certain degree of interference is to be expected when legal proceedings are instituted. See *Ritter v. Ritter* (1943), 381 Ill. 549, 556, 46 N.E.2d 41; *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 628, 51 N.E. 569.

Plaintiffs also attempt to create a duty in Pekin not to interfere by referring to sections 154.5, 154.6 and 424 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, pars. 766.5, 766.6, 1031). However, they have failed to specify how those provisions have been violated. It is not the role nor duty of the appellate court to support vague and general contentions of error made by an appellant. (*Concerned Citizens for McHenry, Inc. v. City of McHenry* (1979), 76 Ill. App. 3d 798, 801, 395 N.E.2d 944.) Finally, this court's previous opinion in *In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 639, 435 N.E.2d 1379, makes it clear that James Poe was a party to the adoption proceedings and, thus, had the right to defend against plaintiffs' claims. We therefore conclude that count I of the complaint was properly dismissed.

Finally, plaintiffs claim that count II of their complaint adequately states a cause of action against James Poe for 13 years' support and maintenance. Defendant Poe argues that count II essentially sets forth a cause of action to establish his paternity and that the action was not filed within the two-year limitation period for such actions. (Ill. Rev. Stat. 1981, ch. 40, par. 1354.) Alternatively, defendant argues that no circumstances exist from which a court could find an implied promise by Poe to reimburse Jerry and Bonnie Evink for their expenses in caring for Dawn.

After reviewing count II of plaintiffs' complaint, we find that they have failed to allege sufficient facts to establish James Poe's paternity of Dawn. The complaint does not allege that Poe and plaintiff Mary Lou Edwards Gregory, the natural mother, were ever married, nor that Poe ever acknowledged his paternity of Dawn. Thus, we agree with the trial court that count II essentially sets forth a cause of action to establish Poe's paternity after Dawn's death and to recover from him the amounts expended by the Evinks to raise Dawn.

During the pendency of this appeal, the two-year limitations period governing paternity and support suits brought on behalf of certain illegitimate children was found to be an unconstitutional violation of the equal protection clause of the fourteenth amendment. (*Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24; see also *Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199, holding an identical limitations period in the Tennessee pater-

nity statute unconstitutional.) We apply the rationale of these authorities in finding that plaintiffs' failure to file the present complaint within the limitations period expressed in the statute would not have provided an adequate basis for dismissing count II.

Nevertheless, upon reviewing the allegations in count II, we conclude that even assuming Poe's paternity could be proved, the facts alleged in the complaint are insufficient to establish any obligation by Poe to pay the Evinks for their support and maintenance of Dawn prior to her death.

■ Case and statutory law have established that a parent owes a legal duty to provide for and support his children (*People v. Askew* (1979), 74 Ill. App. 3d 743, 393 N.E.2d 1124; Ill. Rev. Stat. 1975, ch. 68, par. 24; *Gill v. Gill* (1972), 8 Ill. App. 3d 625, 290 N.E.2d 897, *aff'd* (1973), 56 Ill. 2d 139, 306 N.E.2d 281), and the failure to do so constitutes an actionable wrong under Illinois law whether the child is legitimate or illegitimate. (*Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, 217-18, 231 N.E.2d 1; *Donlon v. Miller* (1976), 42 Ill. App. 3d 64, 72, 355 N.E.2d 195.) However, there is no authority for the proposition that a natural father must reimburse third persons who provide support and maintenance to the child without the natural parent's knowledge or authority or promise, either express or implied, that such necessities would be paid for. In *Hunt v. Thompson* (1840), 4 Ill. 179, 180, it was stated:

> "That a parent is under an obligation to provide for the maintenance of his infant children, is a principle of natural law; and it is upon this natural obligation alone that the duty of a parent to provide his infant children with the necessaries of life rests; ***. *** This natural obligation, however, is not only a sufficient consideration for an express promise by a father to pay for necessaries furnished his child, but when taken in connection with various circumstances, has been held to be sufficient to raise an implied promise to that effect. But either an express promise, or circumstances from which a promise by the father can be inferred, are indispensably necessary to bind the parent for necessaries furnished his infant child by a third person."

(Accord, *Kippen v. Kippen* (1939), 301 Ill. App. 178, 183, 21 N.E.2d 906; *Charbonneau v. Norton* (1931), 263 Ill. App. 341, 346-47; *Mullally v. Lott* (1911), 162 Ill. App. 533, 534.) These cases are in harmony with the present Paternity Act, which vests the right to institute a suit for child support and maintenance in the natural mother or the Illinois Department of Public Aid. (Ill. Rev. Stat. 1981, ch. 40,

par. 1354.) No similar provision exists for third persons.

While the complaint here was brought by both the natural mother of Dawn and the Evinks, count II alleges that the Evinks alone supplied Dawn with all the necessities of life. The complaint alleges no facts to establish an express promise by Poe to pay for these necessities; nor does it allege any facts from which an implied promise to pay can be inferred. The complaint alleges that Poe deserted Dawn before birth, never visited her and never paid support. Dawn was not even aware that Poe was her father. Absent facts indicating at least an implied promise of reimbursement on the part of Poe, no duty evolves upon him to reimburse the Evinks, as third parties, for Dawn's support and maintenance. (*Kippen v. Kippen* (1939), 301 Ill. App. 178, 183, 21 N.E.2d 906; *Charbonneau v. Norton* (1931), 263 Ill. App. 341, 346-47; *Mullally v. Lott* (1911), 162 Ill. App. 533, 534; *Hunt v. Thompson* (1840), 4 Ill. 179, 180.) We therefore find no error in the trial court's dismissal of count II for failing to state a cause of action.

Accordingly, the order of the circuit court of Winnebago County dismissing plaintiffs' two-count complaint is affirmed.

Affirmed.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.