CRYSTAL AZZONE, Plaintiff-Appellant, *v.* CRAIG BRICCO, Defendant-Appellee.

Second District   No. 2—83—0940

Opinion filed July 19, 1984.

Karen L. Brigham and James J. Friedman, both of Waukegan, for appellant.

Roger A. White & Associates, of Lake Bluff, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

On May 12, 1983, plaintiff, Crystal Azzone, filed a complaint to establish paternity and enforce support against defendant, Craig Bricco, alleging that he was the father of Azzone's child, born out of wedlock on October 22, 1979. Bricco moved to dismiss the complaint on the ground that it was not filed within the two-year statutory time limit from the birth of the child for commencing paternity actions pursuant to section 4 of the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1354). Azzone then filed a response and her affidavit asserting various reasons for her delay in bringing the action and claiming that the limitations period was unconstitutional. The trial court granted Bricco's motion to dismiss, finding the cause barred by the statutory two-year limitations period.[1]

The sole issue raised by Azzone on appeal is whether the two-year time limit for bringing a paternity action as provided in section 4 of the Paternity Act is an unconstitutional denial of the equal protection clause of both the United States and Illinois constitutions.

Our supreme court in *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447, upheld the constitutionality of the two-year limitation provided for in section 4 of the Paternity Act. Since *Cessna*, however, the United States Supreme Court has invalidated on equal protection grounds both a Texas statute establishing a one-year limitations period governing suits to identify the fathers of illegitimate children (*Mills v. Habluetzel* (1982), 456 U.S. 91, 71 L. Ed. 2d 770, 102 S. Ct. 1549), and a Tennessee statute imposing a two-year limitations period on paternity and child support actions brought on behalf of certain illegitimate children. (*Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199.) The Illinois Appellate Court, in *People ex rel. McCoy v. Sherman* (1984), 123 Ill. App. 3d 444, 462 N.E.2d 817, and *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24, following the United States Supreme Court's decision in *Pickett*, has held that the two-year time limit for filing suit under the Paternity Act is unconstitutional. See also *Evink v. Pekin Insurance Co.* (1984), 122 Ill. App. 3d 246, 252-53, 460 N.E.2d 1211.

---

[1]Although the order of dismissal indicates it is final and appealable, it also provides that Azzone is given 14 days to amend the complaint. No issue is raised on appeal on the finality of this order and, while this court may *sua sponte* consider its jurisdiction, it may also treat the question whether an order is final and appealable as waived where it is not raised on appeal. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 116-17, 449 N.E.2d 137.) As the order is ambiguous, and we do not have a transcript of the proceedings at the time the order was entered, we decline to consider the finality issue.

In contending the decision in *Pickett* is inapplicable to section 4 of the Paternity Act, Bricco has raised arguments similar to those rejected in both *McCoy* and *Jude*. Having analyzed the United States Supreme Court's opinion in *Pickett* and considered Bricco's appellate arguments, we conclude that decision requires us to likewise hold that the two-year limitations period of the Paternity Act is unconstitutional. We therefore conclude, like *McCoy* and *Jude*, that the two-year limitations period of the Paternity Act violates the equal protection clause of the fourteenth amendment, and requires reversal of the trial court's dismissal of Azzone's complaint to establish paternity and enforce support.[2] In view of our ruling on the legal issue involved, Azzone's motion to strike a portion of Bricco's brief as containing assertions of fact not contained in the record becomes moot.

Accordingly, for the foregoing reasons we reverse and remand this cause for further proceedings.

Reversed and remanded.

UNVERZAGT and LINDBERG, JJ., concur.

---

[2]We note that Senate Bill 1179, passed by the General Assembly and awaiting action by the Governor at the time this opinion was filed, would create a new act entitled the "Illinois Parentage Act of 1984." The new act would repeal the existing Paternity Act and provide a new limitations period if it becomes law.